# JULIA GOULD HALL *v.* THE BARK "EMILY BANNING."

CONFLICT OF EVIDENCE.—Where on a trial the plaintiff, in her own behalf, testified to the enumeration and value of property sued for, and witnesses for defendant testified to previous statements made by plaintiff, wherein she gave a different enumeration of the same property, and stated its value to be much less than as testified to by her, this testimony of plaintiff, and evidence of her statements, considered as admissions of a party against interest, constitute a conflict of evidence as to the enumeration and value of said property.

IDEM.—In such case, the evidence given against plaintiff has a double aspect; first, as evidence to impeach the credibility of plaintiff as ·a witness, and when offered for that purpose, the proper foundation must be laid for its introduction, as in other cases ; second, as evidence of admissions against interest made by a party to the action.

PARTIES AS WITNESSES.—The result of the permission given by statute to parties to actions to testify in their own behalf, has not been to blend in one the different characters of parties and witnesses, nor to obliterate the distinction between admissions of parties against interest and statements of witnesses out of Court contradictory of their testimony at the trial.

NEW TRIAL WHERE EVIDENCE IS CONFLICTING.—A motion for new trial is addressed to the sound legal discretion of the Court,· and this Court will not interfere except in case of a plain abuse of such discretion. The party alleging error in the granting or refusing a new trial, must affirmatively show such abuse of discretion.

IDEM.—As a general rule, the order granting or denying a motion for a new trial will not be disturbed where the evidence was conflicting.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

This was an action to recover the value of the contents of the plaintiff's trunk, lost from the defendant at sea. The principal issue of fact tried was as to the contents of the trunk and their value, on which points the evidence was conflicting. On plaintiff's motion, the Court below granted a new trial, and from the order granting the same the defendant appealed.

The other facts are stated in the opinion of the Court.

*Sharpstein & Hastings,* for Appellant.

The order appealed from should be reversed. There was a conflict of testimony upon the question of the value of the

lost trunk and its contents, and there was a question of credibility in respect to witnesses which fairly arises, of which the jury were the final judges.  (*Heister* v. *Lynch,* 1 Yeates, 108; *Fehl* v. *Goods,* 2 Binn. 495; *Winchell* v. *Latham,* 6 Cow. 682; *Ackley* v. *Kellogg,* 8 Cow. 223; *Sprague* v. *Mitchell,* 2 Chit. 271; *Fowler* v. *Etna Insurance Co.* 7 Wend. 270; *Bucklin* v. *Thompson,* 1 J. J. Marsh. 223, 227; *Fowler* v. *Loomis,* 12 Wend. 27; *Rice* v. *Cunningham,* 29 Cal. 492; *Grant* v. *Moore,* 29 Cal. 644; *Steinbach* v. *Leese,* 27 Cal. 299.)

A party cannot move to set aside a verdict in his own favor on the . ground that the evidence was insufficient to sustain it.    (*Moore* v. *Wood,* 19 How. Pr. 405, 410.)

*Wm. Hayes,* for Respondent.

The only point presented by this appeal is, was it error in the Judge before whom the cause was tried, to grant a new trial, where he was dissatisfied with the verdict, and where in his sound legal judgment it is clearly opposed to the evidence and the justice of the case.   No decision can be found to sustain the affirmative, while the negative is conclusively established.   (3 Graham & Waterman on New Trials, 1,205–7; 2 Graham & Waterman on New Trials, 48; *Adsit* v. *Wilson,* 7 How. Pr. 64.)

By the Court, RHODES, J.:

The plaintiff testified to the value of the property in the lost trunk, giving the value of each item.   The Captain of the bark and two others testified to the statements of the plaintiff made out of Court at one time, to the effect that the articles in the trunk consisted of play books, etc., and were of little value, and at another time that they constituted her wardrobe, etc., and were of the value of about one thousand dollars.   The latter testimony may be regarded in two aspects: First, as evidence tending to impeach the plaintiff

as a witness; and second, as evidence of admissions of a party to the suit.   Regarding the plaintiff as a witness, her declarations made out of Court, differing from her statements as a witness in the case, tend to impeach her credit.   And this is their only tendency.   They are not competent evidence of any fact in issue.   When the proper foundation is laid by the cross examination of the witnesses as to the supposed contradictory statements, they are admissible in evidence, for the purpose of impeaching his credit.   But as no foundation was laid for the admission of such statements, her credit was not shaken.

The rule is settled beyond all controversy that the admissions or declarations of a party to a suit are admissible as evidence against the party making them.   When given in evidence, they tend, as does other competent evidence, to prove the fact in issue to which they relate.   We do not understand that the result of the permission given by statute to the parties to an action to testify in their own behalf, has blended in one, the different characters of party and witness, nor obliterated the distinction between admission of parties against interest, and statements out of Court contradictory to their testimony at the trial.

The testimony of the plaintiff and the evidence of her admissions, make a case of conflict of testimony upon the question of value of the contents of the lost trunk.   The aggregate value of the articles, as testified to by the plaintiff, was two thousand six hundred and seventy dollars, but the jury returned a verdict for three hundred and fifty dollars.

The ground of the plaintiff's motion for a new trial was, that the verdict was against and opposed to the evidence relating to the value of the contents of the trunk.   The motion having been granted, the question is presented whether it is erroneous for the Court to grant a new trial, in case the evidence upon any material point is conflicting.   When value is a material question, the rule is the same where the verdict for a party is for too small a sum as it is where the verdict is against the same party.   It is said in 3 Gra. & Wat.

on New Trials, 1,207, that: "If the Judge concientiously believes that the verdict is against the truth of the case, that is, contrary to the weight of the evidence, he is bound to grant a new trial * * * otherwise the power of Courts over verdicts is a mere mockery and delusion." It has been repeatedly decided by this Court that a motion for a new trial is addressed to the sound legal discretion of the Court, and that this Court will interfere only in case of a plain abuse of such discretion. The party alleging error in granting or refusing a new trial must make the error affirmatively appear—must show abuse of discretion. (*Weddle* v. *Stark,* 10 Cal. 301; *Bensley* v. *Atwill,* 12 Cal. 240; *McCarrity* v. *Byington,* 12 Cal. 432; *Watson* v. *Maguire,* 17 Cal. 92; *Mulholland* v. *Heyneman,* 19 Cal. 606; *Quinn* v. *Kenyon,* 22 Cal. 82; *Peterie* v. *Bugbey,* 24 Cal. 422; *Hawkins* v. *Reichert,* 28 Cal. 535.)

The verdict does not accord, in any reasonable manner, with the plaintiff's evidence of the contents of the lost trunk or with the evidence of her declarations on that subject, and the granting of a new trial under such circumstances cannot be regarded as an abuse of discretion.

Order affirmed.