### . No. 1,790.

### MORTIMER PHELPS, APPELLANT, *v.* THE UNION COPPER MINING COMPANY *et als.*, RESPONDENTS.

APPEAL FROM ORDER GRANTING A NEW TRIAL.—A motion for a new trial, on the ground of the insufficiency of the evidence to justify the verdict, is addressed to the sound legal discretion of the Court in which the trial was had; and unless it appear that there has been a manifest abuse of that discretion, this Court will not reverse the order of the Court below.

APPEAL from the District Court of the Twelfth District, City and County of San Francisco.

The case is stated in the opinion.

*W. H. Patterson*, for Appellant.

"If the verdict is undeniably correct, a new trial will not be granted, notwithstanding the admission of improper evidence." (Graham and Waterman on New Trials, Vol. II, p. 634.)

(T.)

In *Stephens* v. *Canfield* (1 Kelly, 574), Justice Nisbet asserts the rule as follows : "It is well settled that a new trial will not be awarded because illegal testimony was admitted, if, wholly irrespective of that testimony, there was plainly and obviously evidence sufficient to justify the findings." (See, also, *State* v. *Enzle,* 1 Zabriskie, 347 ; *Van Cort* v. *Van Cort,* 4 Edw. Ch. R. 621 ; *Bradford* v. *Pearson,* 12 Mich. 71 ; *Daggett* v. *Fallman,* 8 Conn. 168 ; *Tegaham* v. *Tyler,* 6 Bing. 561 ; *Hambleton* v. *Hambleton,* 6 N. H. 333 ; *Commonwealth* v. *Shepard,* 6 Burney, 283 ; *McMullen* v. *Mayo,* 8 Sand. & Marsh. 298 ; *Smith* v. *Kerr,* 1 Barb. 155 ; *Carlock* v. *Spence,* 2 Ark. 12 ; *Kelsey* v. *Hanover,* 18 Conn. 311 : *Haford* v. *Wilson,* 2 Taunton, 12 ; *Edwards* v. *Evans,* 3 East. 451 ; *Nathan* v. *Buckley,* 2 B. Monroe, 153 ; *Thorndike* v. *City of Boston,* 1 Metcalf, 242 ; *Zeigler* v. *Wells, Fargo & Co.,* 28 Cal. 263 ; *Henry* v. *Everett,* 3 Cal. 425.)

By the practice existing in New York, and in several of the other States, where appeals are taken on bills of exceptions which do not contain all the evidence given, and in criminal cases, a more rigid rule is asserted.

But it is believed that upon a case or statement made on appeal, where all the evidence and proceedings on the trial are shown, the true inquiry, in all the Courts, is, was there sufficient legal evidence to support the finding ? If so, it will not be disturbed, though the illegal evidence may have been submitted against objection.

*McAllisters & Bergin,* for Respondents.

The admissions or declarations of one tenant in common cannot prejudice or affect the title of his co-tenant. (*Gore* v. *McBrayer,* 18 Cal. 582 ; *Morton* v. *Solambo C. M. Co.,* 26 Id. 527 ; *Dan* v. *Brown,* 4 Conn. 492 ; *Mahoney* v. *Van Winkle,* 21 Cal. 581 ; *McClellan* v. *Cox,* 36 Me. 101 ; *Barber* v. *Babel,* 36 Cal. 20 ; 1 Greenl. Sec. 176.)

The alleged declaration of Josiah Phelps bore directly upon the vital issue in the trial of the case, and necessarily affected the result. Their admission was error, and injury is presumed from error. (*Grimes* v. *Fall,* 15 Cal. 66 ; *Lally*

v. *Wise*, 28 *Id.* 544; *Jackson* v. *Feather R. W. Co.* 14 *Id.* 25; *Materr* v. *Brown*, 1 *Id.* 232.)

In *Roff* v. *Duane* (27 Cal. 571), the Court state the rule in relation to the admission of incompetent evidence.

The settled rule of the Court, in reviewing orders granting new trials and the reasons therefor, are stated in *Oullahan* v. *Starbuck* (21 Cal. 414.) (See, also, *Quinn* v. *Kenyan*, 22 Cal. 82; *O'Brien* v. *Brady*, 23 Cal. 243; *Hall* v. *Bark Emily Banning*, 33 Cal. 525, and the cases there cited.)

In the last case cited, the Court, quoting from Graham & Waterman on New Trials, say, that "if the Judge conscientiously believes that the verdict is against the truth of the case—that is, contrary to the weight of evidence—he is bound to grant a new trial, * * * otherwise the power of Courts over verdicts is a mere mockery and delusion."

Sprague, J., delivered the opinion of the Court:

This appeal is from an order of the Court below, granting a new trial, on motion of defendants, which motion was made upon notice, embracing all the statutory grounds of a motion for a new trial, followed by a statement of the evidence and specifications, stating wherein the evidence was insufficient to sustain the verdict, and special assignment of errors of law occurring at the trial, to which defendants duly excepted, and upon which they would rely on such motion.

In granting the defendants' motion, the Court did not state the grounds upon which the motion was granted.

The action is ejectment for the recovery of the possession of an undivided one thirteenth part of a certain mining claim, known as the Union Company Claim.

The principal and controlling question to which the evidence on the trial seems to have been directed, was whether one *G. Reed*, whose name appeared on the notice first posted on the claim, as one of the original locators, was *George* Reed, the *brother* of William K. Reed, through whom plaintiff derives title, or *George Reed*, the *cousin* of William K.

Reed, through whom one of defendants derived title to the premises in controversy.

The evidence introduced on the trial bearing upon the question, as to which of these *George Reeds* was intended by name of *G. Reed*, found upon the original notice of location, is substantially conflicting; and even had all such evidence been admitted, without objection to any portion thereof on the ground of incompetency, and the Court below, in the exercise of its sound discretion, granted a new trial on motion based on a statement embodying such evidence, upon the ground of insufficiency of the evidence to justify the verdict, specifying the particulars in which such evidence is alleged to be insufficient, we should not feel at liberty to disturb such order.

It has uniformly been held by this Court that a motion for a new trial, on this ground, is addressed to the sound legal discretion of the Court, in which the trial was had, and that, on appeal from an order of such Court granting a new trial, this Court will not reverse the order, unless it appear there has been a manifest abuse of such discretion. (*Hall* v. *Bark Emily*, 33 Cal. 522, and cases there cited.)

In this case we discover no such abuse of discretion as to justify a reversal of the order; on the contrary, the record discloses a case clearly justifying the action of the Court in granting a new trial.

Order affirmed.

Wallace, J., being disqualified, did not participate in the decision of this cause.