[No. 6,800.—Department No. 2.]

## PIERCE *v.* SCHADEN ET AL.

NEW TRIAL—DISCRETION OF COURT.—A motion for new trial, upon the ground of insufficiency of the evidence, is addressed to the discretion of the Court, and an order granting a new trial on such ground will not be reversed unless there has been a manifest abuse of discretion.

NEGOTIABLE INSTRUMENT—PROMISSORY NOTE—NOTICE OF DISHONOR.—Notice of dishonor of a promissory note may be given verbally.

APPEAL from an order granting the plaintiff a new trial, in the Sixth District Court, County of Sacramento. DENSON, J.

The facts are stated in the opinion.

*A. C. Freeman*, for Appellant.

The granting of a new trial is not so purely a matter of discretion, that the Appellate Court will not reverse an order granting a new trial in opposition to established rules of law. (*People* v. *Superior Court*, 5 Wend. 114; 10 id. 286.) The Civil Code contemplates that a notice of dishonor should be in writing (Code Civ. Proc. §§ 3143-4); otherwise it cannot be delivered, folded, mailed, or directed, as provided in those sections.

*L. S. Taylor*, for Respondent.

THORNTON, J.:

Action against Schaden and Fuller as indorsers of a promissory note. The note was made by J. A. Gardiner in their favor in February, 1876, who afterward indorsed and delivered it to the plaintiff. The complaint sets forth that the note was, on

the day it became due, presented to the maker and payment demanded, and that the maker refused to pay it; of all of which the defendants were duly notified.

The defendant, Fuller, made no defense. Schaden answered, denying that the note was ever presented to the maker and payment demanded or refused, and further denied that he ever had any knowledge or notice of such demand or refusal. The Court rendered judgment for defendant. Findings were waived. Plaintiff moved for a new trial, which was granted, and defendants appealed from the order granting the new trial. The evidence was conflicting.

The motion for a new trial was made on the grounds that the evidence was insufficient to support the decision of the Court, and newly-discovered evidence, material, etc. It does not appear on what ground the motion was granted. If it was granted on the ground of the insufficiency of the evidence, it is well settled that a motion for a new trial on such ground is addressed to the sound legal discretion of the Court, and that an order so made will not be reversed on appeal unless it appear that there has been a manifest abuse of discretion. (*Phelps* v. *Union C. M. Co.* 39 Cal. 407; *Hall* v. *Bark Emily Banning*, 33 id. 522.) For all that appears in the record, the Court may have made the order here on that ground—and if so made, there was no abuse of discretion, and the order should not be reversed.

As regards the notice of dishonor of the note in suit, the testimony was to the effect that it was given orally to the defendant in person. And it is argued that under the provisions of the Civil Code, such notice can only be given in writing. We have examined the provisions of the Code on the subject, (§§ 3142–3–4) and we cannot see that they change the law, allowing such notice to be given verbally. As this latter point may arise on the new trial ordered, we have thought proper to dispose of it. (As to point that notice of dishonor may be given verbally, see 2 Daniel on Negotiable Instruments, § 972, and cases there cited.)

Order granting new trial affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.