[No. 6,024.—Department No. 2.]

## BRONNER v. WETZLAR.

NEW TRIAL—DISCRETION OF COURT.—A motion for new trial, upon the ground of insufficiency of the evidence, is addressed to the discretion of the Court, and an order granting a new trial, upon such ground, will not be reversed, unless there has been a manifest abuse of discretion.

APPEAL from an order granting the defendant a new trial, in the Sixth District Court, County of Sacramento. DENSON, J.

The facts are stated in the opinion.

*Armstrong & Hinkson*, and *J. H. McKune*, for Appellant.

*Geo. Cadwalader*, for Respondent.

THORNTON, J.:

This is an appeal from an order granting a new trial. In an opinion which appears in the transcript, the learned Judge, in granting the motion, says: "I am now convinced that in making the second finding of facts, the evidence was misapprehended, and did not justify said finding. The finding should have been to the effect that defendant collected the rents in his

capacity as executor of the estate of John C. Keenan, and not as agent of the estate of Rosanna, or the executor thereof."

The defendant moved in the Court below for a new trial, on the ground, among others, that the findings of fact were contrary to and not supported by the evidence. In the statement the finding above referred to in the opinion of the Judge was attacked, on the ground that the evidence was insufficient to justify it.

It is well settled that a motion for a new trial on this ground is addressed to the sound legal discretion of the Court *a quo*, and that, on an appeal from such order granting a new trial, it will not be reversed unless it appear that there has been a manifest abuse of discretion. (*Phelps* v. *Union C. M. Co.* 39 Cal. 410; *Hall* v. *Bark Emily Banning*, 33 id. 524; *Pierce* v. *Schaden*, 55 id. 406.)

Upon an examination of the testimony in the transcript, we find that the only testimony as to the capacity in which defendant collected the rents referred to in the Judge's opinion quoted above, is that of the defendant himself, who deposed that he collected them as the executor of John C. Keenan.

We see no abuse of discretion by the Court below in making the order appealed from.

We do not intend by anything said in this opinion to be considered as approving the conclusion of the learned Judge of the Court below, as to the effect of the Statute of Limitations in barring a recovery from the defendant, if he made the collections referred to as the executor of John C. Keenan. We think it best, as the case is presented, to leave that question open.

The order, granting the new trial vacated the judgment, and it no longer existed for the purpose of appeal.

The appeal from the judgment is therefore dismissed, and the order appealed from affirmed.

MYRICK, J., and SHARPSTEIN, J., concurred.