## GUTIERREZ v. BRINKERHOFF.

December 28, 1883.

1 Pac. 482.

**Fraud.—A Deed Untainted by Fraud is not Impeachable for Fraud** committed afterward in the obtaining of another deed between the same parties for different premises.

**New Trial—Discretion—Change in Incumbency of Bench.—A** motion for a new trial on the ground of insufficiency of evidence is addressed to the discretion of the court, and will not be reversed unless a manifest abuse of discretion is shown. The fact that there was a change in the incumbency of the bench between the trial and the determination of the motion for a new trial does not change the rule.

Irving, Benham & Packard for plaintiff and appellant; Winans & Belknap for respondent and defendant.

McKEE, J.—The case in hand arises out of an action which was brought by the plaintiff, as widow and sole devisee of Octaviano Gutierrez, deceased, to obtain a decree annulling and setting aside certain documents affecting a tract of land in Santa Barbara county, known as the rancho La Laguna, upon the grounds that the same were obtained by fraud and without consideration. Upon a trial of the issues raised by the pleadings, decision and judgment were rendered in favor of the plaintiff. Within statutory time, defendants moved for a new trial upon a statement of the case, settled and certified by the judge who heard and decided the case, but, before the motion came on to be heard, his term of office ended, and the motion was argued and submitted upon the statement to his successor in office, who ordered the judgment vacated and the case to be retried. From that order the plaintiff has appealed; and it is contended that the judge of the court below not only abused his discretion in granting a new trial, but committed error prejudicial to the rights of the plaintiff.

The statement of the case, upon which the order was made, shows that Gutierrez claimed the Laguna ranch under two inchoate grants from the Mexican government, one of which was dated March 12, 1844, and the other November 13, 1845. The first was a provisional grant "for three leagues of land of the tract called La Laguna," and the second a grant of the same character for "the land described and set forth in the map accompanying the grant." When these grants were made and delivered, Gutierrez was a married man and the husband of the present plaintiff. He and his family continued to occupy the ranch after the acquisition of California by the United States, and in 1854 he presented his grant for confirmation to the United States board of land commissioners. Confirmation of his claim to the extent of three square leagues of land was made by the board. But the case was afterward taken into the United States district court for the eighth district of California, where a decree of confirmation was obtained as follows: "To the extent of eleven square leagues within the boundaries called for in the grant, and described in the map accompanying it, provided that should there be a less quantity than eleven square leagues contained within said boundaries, then confirmation is hereby made to such less quantity." That confirmation became final, and un-

der the decree the United States surveyor general for California, in October, 1860, caused a survey of the ranch to be made, which included four leagues of land. The plot of this survey was returned and filed in the surveyor general's office at San Francisco. In December, 1860, that officer indorsed upon it his final approval, and for making the survey and the work appertaining to it he was paid by the United States government, in March, 1861. But instead of forwarding the approved plot of the survey and the documents connected with it to the commissioner of the general land office at Washington for final approval, they were permitted to remain in the office at San Francisco.

Gutierrez having been awarded four leagues of land where he applied only for three, was satisfied with the survey, and acquiesced in it for several years. But in the beginning of the year 1865 the surveys of surrounding ranches had uncovered a large area of public land, from which it became possible to obtain an extension of seven leagues in addition to the four leagues which had been already awarded to him. In January, 1865, he had given the defendants Brinkerhoff and Scollan a lease and executory contract for the exploration of the ranch for oil. While working under that contract, Brinkerhoff satisfied himself, after a careful examination of the records of Gutierrez's claim, of the feasibility of obtaining an extension of the ranch, under the decree of confirmation, and a patent for eleven leagues; and he proposed to Gutierrez that he would, in consideration of two leagues of the extension, procure, at his own cost and expense, such an extension and patent. This was in March, 1865. Gutierrez accepted the proposition, and Brinkerhoff immediately commenced proceedings in the United States surveyor general's office in San Francisco to set aside the approved survey of December, 1860, and to obtain an order for a new survey of the ranch. Pending these proceedings, Gutierrez, in performance of his agreement, on June 14, 1865, executed and delivered to Brinkerhoff and Scollan a deed, reciting a consideration of ten dollars, for two leagues of the ranch outside the four leagues; and, afterward, in December, 1865, Brinkerhoff obtained a conveyance of the remaining five leagues outside the four leagues by a deed which recited a consideration of fifteen hundred dollars. By these deeds Brinkerhoff acquired

the title to about thirty thousand acres of land for the consideration of fifteen hundred and ten dollars.

It is charged that at the times of the transactions which resulted in the transfer of the title to these seven leagues of the ranch, the owner, Gutierrez, was an unsuspicious old man, feeble in mind and body, ignorant of the English language, and unacquainted with business transactions; that Brinkerhoff was his family physician, friend, and confidential adviser, to whom had been intrusted the management and control of the proceedings relative to the ranch; that he abused this confidence by using it to cheat and defraud Gutierrez out of his title to the ranch; and that, in the execution of this design, he procured the deeds and other documents in connection with them to be executed and delivered to him by false promises, and without consideration, and by false and fraudulent representations of the nature and contents of the documents and of the uses to which Brinkerhoff intended, with the assistance of Scollan, to apply them.

Brinkerhoff was a practicing physician; and, at least, about the time of the execution and delivery of the last deed was the family physician of Gutierrez, and continued to act as such until the time of the death of Gutierrez. In November, 1863, he had succeeded in obtaining an order from the surveyor general's office for a new survey of the ranch, and, while he was engaged in that proceeding, he also acted as agent and attorney in fact for Gutierrez, under two powers of attorney, one of which was executed in October, 1865, empowering him to sell and convey the five leagues of the extension of the ranch, and the other on November 29, 1865, empowering him to sell and convey his entire interest in the ranch, including the four leagues. At the time of these transactions and of the execution of the deed of the 29th of December, 1865, Gutierrez was in "embarrassed circumstances," "harassed for money," and in debt to Brinkerhoff for borrowed money, for which the latter held his promissory notes bearing interest at one and one-half per cent per month. Under these circumstances Brinkerhoff procured the deed of December 29th.

The court found that Gutierrez was deceived by Brinkerhoff into the execution and delivery of both deeds; that Brinkerhoff induced him to execute and deliver the deed of the

14th of June by willful, false, and fraudulent representations "that his business relative to said ranch would be facilitated"; and under these representations the deed was executed and delivered without any consideration being paid, or intended to be paid; that Brinkerhoff, after obtaining the title to the two leagues, and while he was acting as the agent of Gutierrez, entered into certain secret and corrupt arrangements with some of the officers in and connected with the surveyor general's office in San Francisco for procuring the extension of the ranch and a patent for eleven leagues, to carry out which he, regardless of his duty of physician, friend, and confidential adviser, by false and fraudulent representations procured the execution and delivery of the deed of the 29th of December for a grossly inadequate consideration, which was never paid.

The finding as to the nonpayment of the consideration of the last deed is contrary to the evidence. And whatever there may be arising out of the fact of inadequacy of consideration, and out of the legal relations of principal and agent, of debtor and creditor, and of the other relations of confidence existing between the parties at the time of obtaining that deed, from which fraud in fact might be inferred, there is nothing in the statement of the case tending to show the existence of such legal relations between them at the time of the arrangement for obtaining an extension of the grant, or that the deed of June 14th, executed in consummation of that arrangement, was procured by fraud in fact.

In the absence of actual or constructive fraud the arrangement was valid and binding. Both parties deliberately entered into it; the one agreeing to pay all the expenses and furnish the skill and labor necessary to carry on the proceedings for obtaining the extension and patent, and the other to convey two leagues of the seven leagues of land which would be obtained from the government. In no respect was Gutierrez deceived in entering into the contract. He knew exactly its terms, and its scope and object; and after the proceedings had been commenced for the attainment of that object, he performed his part of the contract by the execution and delivery of the deed. There was not a single circumstance adduced by the plaintiff to show that that deed was tainted with fraud. The evidence that it was executed and delivered in

good faith, and for a valuable consideration rendered, appears to be all one way, and its validity could not be affected or changed by any subsequent conduct of Brinkerhoff in obtaining the deed of December 29th, even if the circumstances under which that deed was obtained tainted it with fraud. A deed untainted by fraud is not impeachable for fraud committed afterward in the obtainment of another deed. for different premises, by the same grantee from the same grantor.

There is no pretense that the original arrangement for the obtainment of an extension of the ranch and a patent for eleven leagues, under the decree of confirmation, was intended by the parties to it to swindle and defraud the government out of its public lands, or that the grantees, in performance of the arrangement, procured the deed for that purpose; and even if that were so, it is difficult to see how Gutierrez, as a party to it, could invoke out of such a transaction an enforceable cause of action against his alleged partners in fraud: Depuy v. Williams, 26 Cal. 309; Gregory v. Haworth, 25 Cal. 653; Davis v. Mitchell, 34 Cal. 90.

Order affirmed.

We concur: Sharpstein, J.; Myrick, J.

McKINSTRY, J., Concurring.—I concur in the judgment. The transcript shows a substantial conflict in the evidence bearing upon several of the issues and findings. It has frequently been held here that a motion for a new trial on the ground of the insufficiency of the evidence is addressed to the sound legal discretion of the court below, and that an order granting a new trial on that ground will not be reversed unless it appears there has been manifest abuse of discretion: Pierce v. Schaden, 55 Cal. 406; Bronner v. Wetzlar, 55 Cal. 419; Phelps v. Union C. M. Co., 39 Cal. 410; Hall v. Banning, 33 Cal. 522. Such manifest abuse of discretion does not appear.

The circumstance that there was a change in the incumbency of the bench, intermediate the trial and the determination of the motion for a new trial, makes no difference in the application of the rule: Altschul v. Doyle, 48 Cal. 435; Macy v. Davila, 48 Cal. 646; Blum v. Sunol, 11 Pac. C. L. J. 275.