[No. 9665. In Bank.—July 30, 1885.]

PIO PICO, APPELLANT, v. B. COHN ET AL.,
RESPONDENTS.

NEW TRIAL—ERRORS OF LAW—FAILURE TO SPECIFY.—Where the errors of law
   upon which a motion for new trial was made are not specified in the statement,
   it will be presumed that they were disregarded by the court on the hearing of
   the motion.

ID.—INSUFFICIENCY OF EVIDENCE—DISCRETION OF THE COURT—A motion for a
   new trial on the ground of insufficiency of the evidence to justify the verdict or
   decision is addressed to the sound legal discretion of the court, and an order
   granting a new trial will not be reversed on appeal unless it appears that there
   has been a manifest abuse of discretion.

APPEAL from an order of the Superior Court of the county
of Los Angeles granting a new trial.

The facts are stated in the opinion of the court.

*Glassell, Smith & Patton, Graves & Chapman,* and *A. D.
Splivalo,* for Appellant.

*Brunson & Wells,* and *R. H. Chapman,* for Respondents,
cited *O'Brien* v. *Brady,* 23 Cal. 243, and other cases cited in
the opinion.

THORNTON, J.—This is an appeal from an order granting
the motion of defendants for a new trial. The notice of the
motion for a new trial stated that it would be made on errors
of law, and the insufficiency of the evidence to justify the
decision.

As the errors of law were not specified as directed by the
Code, we must presume that they were, in accordance with the
statute (Code Civ. Proc. § 659, subd. 3), disregarded. The
ground of insufficiency of evidence alone remains.

On the hearing of the above motion, the court, on the 24th
of May, 1884, made an order granting it, unless the plaintiff
within five days file his written consent to a modification of the
decree herein, so that it shall require the payment by plaintiff
to defendants within thirty days from the date of the order of
the sum of $138,000, with legal interest from such date, instead
of the sum of $103,000 as stated in the decree, and on the filing
by the plaintiff within the time mentioned of his assent to such

modification, the new trial be denied and the judgment modified accordingly. The plaintiff refused his consent to this modification, and a new trial was ordered.

The order could only have been granted on the grounds on which it was asked by defendants. The defendants had nothing to say, and were not called on to say anything in regard to the modification set forth in the above order. The plaintiff having refused to give his consent, the motion of defendants then stood as if no such order had been made. We are thus driven to pass on the order for a new trial as having been made on the insufficiency of the evidence to justify the court's decision. If we were to reverse the order, the judgment for $103,000 would stand unchanged, although the court had substantially admitted an error in the decree in requiring the plaintiff to consent to a change in it, requiring him to pay a much larger sum, as a condition to its refusing defendants' motion. This would seem to be, under the circumstances, clearly unjust.

The learned counsel for plaintiff is obviously mistaken in assuming that the defendants, in their specifications of the insufficiency of the evidence, have failed to make objection to so much of the findings as would justify the judgment rendered by the court below, or that their specifications only extended to the amount which the plaintiff should be adjudged to pay.

It will be observed that the case of plaintiff rests upon the allegation that defendant Cohn agreed to advance, and did advance certain sums of money to plaintiff, to secure the payment of which the deed executed by him to defendants, sought herein to be declared and adjudged a security, was given. This was denied by defendants, who set up that there was no advance made or agreed to be made by Cohn, but that the money paid to the plaintiff by defendants was a payment for the property in controversy, absolutely purchased of plaintiff by defendants, and that the deed was made on such purchase, and not at all as security for the payment of any sum whatever. Now one of the specifications of insufficiency goes to this issue. The defendants set forth in their specifications that the evidence is insufficient to sustain so much of finding four as finds that it was understood and agreed that said Cohn should advance the amount of said liens as estimated by him, but on the contrary,

the evidence shows that Cohn absolutely refused to advance any money for and on account of said Pico.

This matter of advance goes to the very foundation of plaintiff's case; for if there was no agreement for an advance, and no advance, the case of the plaintiff is at an end.

There are other matters specified of the same character, but for the purposes of the argument no others need be stated.

In *Peters* v. *Foss,* 16 Cal. 357, it was held that a motion for a new trial is addressed to the sound discretion of the court, and this court can interfere only in case of a plain abuse of discretion by the court below. This court affirmed the same rule in *Quinn* v. *Kenyon,* 22 Cal. 82, and in the opinion it is said: "It is only in rare instances and upon very strong grounds that this court will set aside an order granting a new trial." And it has been uniformly held by this court that a motion for a new trial on the ground of insufficiency of the evidence to justify the verdict or decision is addressed to the sound legal discretion of the court below, and that on appeal from an order granting a new trial this court will not reverse the order unless it appears that there has been a manifest abuse of discretion. (*Hall* v. *Bark Emily,* 33 Cal. 522; *Phelps* v. *Union C. M. Co.* 39 Cal. 410; *Pierce* v. *Schaden,* 55 Cal. 406; *Bronner* v. *Wetzlar,* 55 Cal. 419; *Gerold* v. *The I. M. Brunswick Co.* 67 Cal. 124.) As we find no abuse of discretion in making the order herein appealed from, we should act in utter disregard of a well-settled rule of this court were we to disturb the order in this case.

Our judgment is that the order should be affirmed, and it is ordered accordingly.

Morrison, C. J., Ross, J., Myrick, J., and McKinstry. J., concurred.

Rehearing denied.