## THOMPSON v. ULRIKSON.

An order granting a new trial will rarely be interfered with on appeal, unless it is shown to have been based on error of law. An abuse of discretion must clearly appear.

(Opinion filed May 26, 1896.)

Appeal from circuit court, Lincoln county. Hon. J. W. JONES, Judge.

Action to recover the value of a half interest in a threshing machine. Verdict was rendered in favor of defendant, but set aside and a new trial granted. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*Aikens & Brown,* for appellant.

*C. B. Kennedy, Palmer & Rogde* and *O. S. Gifford,* for respondent.

CORSON, P. J. This is an appeal from an order granting a new trial. The action was instituted to recover the value of a half interest in a threshing machine outfit which plaintiff al-

leged he sold to the defendant for $909. The answer was a general denial. Verdict and judgment for the defendant. A motion for a new trial was made and granted, from which order granting a new trial the defendant appeals.

The motion for a new trial was made upon three statutory grounds: (1) That the verdict and judgment are against law. (2) Insufficiency of the evidence to sustain the verdict. (3) Errors of law occurring at the trial and excepted to by the plaintiff. The court, in the order granting a new trial, did not state upon what grounds the new trial was granted. The counsel for appellant, while conceding that the refusing or granting of a new trial rests largely in the discretion of the trial court, insist that the case at bar does not come within the rule, as there were, as appellant contends, no errors of law shown by the record to have been committed on the trial, and there are no such specifications of particulars in which the evidence was insufficient to justify the verdict, in the bill of exceptions as entitled them to be considered by this court. But the record does not affirmatively show that the bill of exceptions did not contain a specification of the particulars in which the evidence was insufficient to sustain the verdict.

In Billingsley v. Hiles, (S. D.) 61 N. W. 687, cited by counsel for appellant, it was made to affirmatively appear by an additional abstract that there were no specifications of the particulars in which the evidence was insufficient to sustain the findings of the court. The cases in which trial courts have been reversed when granting a new trial, except where it affirmatively appeared that the trial court clearly misapprehended the law in granting the same, are very rare; and as was said by this court in Hodges v. Bierlein, 4 S. D. 219, 56 N. W. 748; Alt v. Railway Co., 5 S. D. 20, 57 N. W. 1126, and Grant v. Grant, (S. D.) 60 N. W. 743, courts are much more reluctant to reverse and order granting a new trial than one refusing to grant the same. And these cases seem to express the general rule of appellate courts upon this subject. In a note to Sec.

603, Elliott's App. Proc., it is stated: "Where a new trial is granted the almost universal rule is that the appellate tribunal will not reverse the discretionary power exercised in granting it." And the learned author cites a large number of authorities in support of the proposition.

In the late case of J. & H. Clasgens Co. v. Sibler, 58 N. W. 756, the supreme court of Wisconsin says: "The rule is firmly settled, by repeated decisions, that the granting of a new trial is very much in the discretion of the trial court, and that its order granting the same will not be reversed unless there clearly appears to have been an abuse of discretion. Schillinger v. v. Town of Verona, 85 Wis. 595, 55 N. W. 1040, and cases there cited. The only exception to this rule is where it affirmatively appears upon the record that such order was based upon a misapprehension of the law. Id. The case at bar is not within the exception. * * * The particular ground upon which the court set aside the verdict and granted a new trial does not appear from the order appealed from, nor otherwise in the record. Such being the state of the record, it is very obvious that we cannot say that there was an abuse of discretion in granting the new trial." The reasons for this rule are clearly stated in Hicks v. Stone, 13 Minn. 434. In that case the court says: "But while the appellate court can look at the return only, the judge before whom the action is tried at *nisi prius* observes the demeanor of the witnesses, listens to the arguments of counsel, notes what topics are presented to the jury, and with what force and ingenuity. In short, he witnesses the whole conduct of the trial, and thus enjoys peculiar facilities for estimating the effect which will naturally be produced upon the minds of the jury, and for forming a judgment upon the real merits of the controversy. In view of these facts we conceive that the opinion of the presiding judge upon the sufficiency of the evidence to justify a verdict is entitled to great weight with this court, where it is called upon to review an order granting a new trial.

For aught that appears in the record, the court below may have granted the new trial upon the ground of the insufficiency of the evidence to sustain the verdict. If it did so, no such abuse of discretion has been shown as would justify this court in reversing the order of the court below. Hoffman v. Meyer, (Minn.) 58 N. W. 684; Lane v. Dayton, (Minn.) 57 N. W. 328; Thompson v. Loan Co., Id. 223; Pierce v. Schaden, 55 Cal. 406; Phelps v. Mining Co., 39 Cal. 407; Hall v. The Emily Banning, 33 Cal. 522. There are also numerous errors of law assigned as to the admission and rejection of evidence, but, as we are not advised as to whether or not the new trial was granted for errors of law occurring at the trial, we do not deem it necessary to examine these alleged errors at this time, in advance of a re-trial. After a careful examination of the record in this case, we cannot say the trial court, abused its discretion in granting a new trial, and the order granting the same is affirmed.