(February 11, 1899.)

## BROSSARD v. MORGAN.

[56 Pac. 163.]

NEW TRIAL—MOTION TO CORRECT DECREE.—An order granting a new trial will not be reversed on appeal, unless it is made to appear that there has been a manifest abuse of discretion in granting a new trial.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

John T. Morgan and Dietrich & Stevens, for Appellant.

In this cause there is no necessity for a new trial, as the decree is subject to the control of the court, and may be changed or altered by the court if he shall deem it necessary to correct it, to make it conform to the facts and the law. (Idaho Rev. Stats., sec. 4229; *McMillian v. Woolley,* ante, p. 36, 51 Pac. 1029, 1032.) Where an erroneous judgment or decree has been entered, the proper practice is to make a motion to correct or modify the erroneous judgment or decree. Such application should be made within six months after the judgment was entered. (Idaho Rev. Stats., sec. 4229; *State v. Eves,* ante, p. 144, 53 Pac. 543.) The right of the first appropriator of water on the public lands may be lost by adverse possession of another, and where other person has had the continued, uninterrupted and adverse enjoyment of water for a sufficient length of time, the law will presume a grant of the right so held and enjoyed by him. (*Union Water Co. v. Crary,* 25 Cal. 504, 85 Am. Dec. 145; *Smith v. Logan,* 18 Nev. 149, 1 Pac. 678.) Five years' adverse possession is sufficient to bar an action to enforce a water right. (*Evans v. Ross* (Cal.), 8 Pac. 88; Pomeroy on Riparian Rights, sec. 137; *Kleyenstuber v. Robinson* (Ariz.), 52 Pac. 1117.) If a proprietor has made a special use of water by diverting it, and made a continuous and adverse use for the period of time prescribed by statute of limitation for entry on land, a grant will be presumed for such use. (28 Ency. of Law, 1002; *Bealy v. Shaw,* 6 East, 208; *Balston v. Benstead,* 1 Camp. 463; *Cowell v. Thayer,* 5 Met. (Mass.), 253, 38 Am. Dec. 400.)

W. T. Reeves, Hawley & Puckett and W. E. Borah, for Respondents.

We call attention in the first instance to the well-established rule, which is to the effect that it had been uniformly held that a motion of a new trial on the ground of insufficiency of evidence to justify the verdict or decision is addressed to the sound, legal iscretion of the court below, an that on appeal from an order granting new trial, the appellate court will not reverse the order unless it appears that there has been a manifest abuse of discretion. In view of the fact that both parties

were dissatisfied, either with the findings or the decree, as appears from the records and brief, it would seem that, in this case, there could be no possible abuse of discretion. (*Pico v. Cohn,* 67 Cal. 258, 7 Pac. 680; *Pacific R. M. Co. v. Tel. Co.,* 79 Cal. 340, 21 Pac. 840; *Breckinridge v. Crocker,* 68 Cal. 403, 9 Pac. 426; *Phelps v. Mining Co.,* 39 Cal. 410; *Pierce v. Schaden,* 55 Cal. 406.)

SULLIVAN, J.—This is an appeal from an order granting a new trial. It appears that, after the motion for a new trial was made, the appellant, who was the defendant, interposed a motion to correct the decree, so as to make it contain the following, to wit: "That the said John T. Morgan, is entitled to, and adjudged and decreed the right to, the use of one-third of the water of Stockton creek, by prescription." The record does not inform us whether said motion was passed upon by the court. The motion for a new trial was granted, which resulted in a denial of the motion to correct the decree. The judgment and decree must be supported by the findings of fact, and we search the record in vain for a finding of fact that would support a decree such as is demanded by appellant's said motion. The court finds the rights of respondents Brossard, Vanness and Hadley to the use of water awarded to them to be prior to appellant's right. Before the decree could be changed, as suggested by said motion, the findings of fact made by the court, and the conclusions of law drawn therefrom, must be radically changed. If the decree were changed as suggested by appellant, the record would be very peculiar. We would have findings of fact and conclusions that would not support the judgment and decree, but in direct conflict with them; and the well-established rule that the judgment must be supported by the findings of fact would be set at naught. It is the duty of the trial court to find the facts. This court has no authority in that regard, and, if new or different findings of fact are necessary, a new trial may be granted.

This appeal is from the order granting a new trial, and the only question before us is whether the court erred in making

said order. The rule is well established that an order granting a new trial will not be reversed, on appeal, unless it is made to appear that there has been a manifest abuse of discretion in making such order. Section 657 of the Code of Civil Procedure of California is the same as section 4439 of the Revised Statutes. See notes and authorities cited in Deering's Code, under said section 657. (*Pico v. Cohn,* 67 Cal. 258, 7 Pac. 680; *Pacific Rolling-Mill Co. v. Telegraph Hill R. Co.,* 79 Cal. 340, 21 Pac. 840.) As the record fails to show any abuse of discretion in making said order, the action of the court or judge in granting the new trial must be sustained. Costs of appeal are awarded to respondents.

Huston, C. J., and Quarles, J., concur.