[Civ. No. 752. Second Appellate District.—March 10, 1910.]

# HARRY H. MORGAN, Appellant, v. LOS ANGELES PACIFIC COMPANY, a Corporation, Respondent.

ACTION FOR NEGLIGENCE — VERDICT FOR PLAINTIFF — ORDER GRANTING NEW TRIAL—INSUFFICIENCY OF EVIDENCE—AFFIRMANCE.—In an action to recover damages for alleged negligence, in which a verdict was rendered for the plaintiff, an order granting a new trial for insufficiency of the evidence to sustain the verdict will be affirmed under the rules applicable to the action of the trial court upon all matters pertaining to the weight of evidence and the credibility of witnesses.

ID.—DUTY OF TRIAL COURT DISTINGUISHED.—There is an obvious distinction between the duty of the trial court and the duty of the appellate court with respect to the decision of questions of fact on a motion for a new trial. The trial court cannot rest upon a conflict of the evidence, but must weigh and consider the evidence for both parties, and determine for itself the just conclusion to be drawn from it. Where the decision is against the weight of the evidence, it is the duty of the trial court to grant a new trial.

ID.—REVIEW OF ORDER GRANTING NEW TRIAL—DISCRETION.—Where the trial court has discharged its duty to grant a new trial, for insufficiency of the evidence, its order will not be reversed upon appeal, unless it appears that there has been an abuse of the sound legal discretion which the trial court is presumed to exercise in granting a new trial. It is only in rare instances and on very strong grounds that the appellate court will set aside an order granting a new trial.

ID.—PASSENGER RIDING OUTSIDE OF CAR—INJURY FROM PASSING CAR—ASSUMPTION OF RISK—MIXED INFERENCE OF FACT AND LAW.—A passenger riding on the outside of an electric car near the track on which other cars were passing assumed all the risks of riding where he did which the facts of the case disclosed were incurred by him. Such assumption of risk is a mixed inference of fact and law, and not a mere conclusion of law.

ID.—CONSTRUCTION OF LANGUAGE OF TRIAL JUDGE—"ASSUMED RISK." The language used by the trial judge in passing upon the motion for a new trial, "that plaintiff assumed the risk in riding where he did," must be construed so as to support the court's action, and not as declaring that assumption as a mere conclusion of law. Taking the most favorable view of the evidence in support of the order, no risk due to a defective rail or to a lurch of the car was referred to in using such language.

ID.—INSTRUCTIONS AND EVIDENCE TO BE CONSIDERED BY JUDGE.—For the purpose of passing upon the motion for a new trial, the trial judge must consider the instructions given to the jury and all evidence received without objection, whether competent or not; and he must determine the sufficiency of the evidence to sustain the verdict, in the light of the same facts and law that were before the jury.

ID.—SAFETY-BAR NOT REQUIRED BY LAW—CORRECT INSTRUCTION.—The court correctly instructed the jury that there was no law requiring the defendant to maintain a safety-bar on the side of the car on which plaintiff was riding.

ID.—ABSENCE OF SAFETY-BAR NOT NEGLIGENCE PER SE.—It was not negligence *per se* not to have a safety-bar on either side of the car.

ID.—PROVINCE OF JURY—NEGLIGENCE AS TO SAFETY-BAR A QUESTION OF FACT.—The instruction given as to the law did not preclude the plaintiff from showing or the jury from considering whether or not it was negligence upon the part of the defendant not to provide a safety-bar under such circumstances as existed here.

APPEAL from an order of the Superior Court of Los Angeles County, granting a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Jones & Drake, and E. B. Drake, for Appellant.

John D. Pope, J. W. McKinley, Gurney E. Newlin, and Roy V. Reppy, for Respondent.

TAGGART, J.—Action to recover damages for personal injuries sustained by plaintiff while a passenger upon an electric car of the defendant, which was being operated in the city of Los Angeles. The verdict of the jury was for plaintiff for $5,000, and the superior court granted a motion by defendant for a new trial upon the ground of insufficiency of the evidence to sustain the verdict. This appeal is from that order.

Several other grounds of motion are stated in the notice of intention, and it appears to be conceded by appellant that if the ruling of the trial court can be sustained upon any of the grounds stated in the notice, its order must be affirmed. We think, however, that under the rules applicable to the

action of the trial court upon all matters relating to the weight of evidence and credibility of witnesses, the order of the superior court must be sustained on the ground therein stated. There is a clear and obvious distinction between the duty of a trial court and the duty of an appellate court with respect to the decision of such questions on a motion for a new trial. The trial court cannot rest upon a conflict in the evidence, but must weigh and consider the evidence for both parties and determine for itself the just conclusion to be drawn from it. Where the decision is against the weight of the evidence, it is the duty of that court to grant a new trial. In considering the question upon the motion, the trial judge must act upon his own judgment as to the effect of the evidence. In an action tried by a jury, the parties are entitled to the judgment of the jury in rendering a verdict in the first instance; but upon a motion for a new trial they are equally entitled to the independent judgment of the judge as to whether such verdict is supported by the evidence. (*Green* v. *Soule,* 145 Cal. 96, [78 Pac. 337].) The trial court having discharged this duty (which duty, says the supreme court, judges of the superior court are generally only too reluctant to perform), and made its order granting a new trial on this ground, that order will not be reversed by an appellate court, unless it appears that there has been a manifest abuse of the sound legal discretion which the trial court is presumed to exercise in passing upon such a motion. (*Pico* v. *Cohn,* 67 Cal. 258, [7 Pac. 680].) "It is only in rare instances and upon very strong grounds that the supreme court will set aside an order granting a new trial." (*Quinn* v. *Kenyon,* 22 Cal. 82.)

Plaintiff left the business part of the city of Los Angeles on one of defendant's regularly operated street-cars to go to his home in the residence district of the city, about the hour of 5 o'clock in the afternoon. When he attempted to board it he found the car was "jammed" and he could not get in the car on the right-hand side, the proper side to enter. The conductor said, "Some of you fellows will have to get off of those steps; people cannot get on and off," so he walked around to the steps at the rear of the car on the inside or left-hand side. According to his own testimony, he stood on the top step, holding himself on by the emergency brake-

wheel, while others testified that he was on the bottom step, and there was some testimony tending to show that he could not reach the brake-wheel from the position in which he stood; one witness stating that he was holding on by hooking his arm around the post. The car upon which he was riding was a wide one, being eight feet six inches across, while from tip to tip of the projecting steps it was nine feet and nine inches. The double tracks upon which the cars on this line were operated were of three feet six inch gauge and ten feet from center to center, thus leaving but three inches clear between the steps of passing cars. The distance of eighteen inches between the bodies of passing cars was also further reduced by the projection of the handle bars from each of them a distance of two and five-eighths inches. There was no safety-bar across the entrance to the car upon the steps of which plaintiff stood, and this is also alleged to be an act of negligence upon defendant's part which contributed to plaintiff's injury. The trial court instructed the jury that there was no law requiring the defendant to have a safety-bar at such a place, and one of the witnesses who stood upon the steps with the plaintiff testified, in effect, that if there had been one, it would only have rendered the position of a person standing on the top step the more dangerous, as it would have prevented him from getting his body inside the line of the car.

In the position described the plaintiff rode quite a distance without mishap, quite a number of cars being passed on the other track during this time, but when about a mile and a half from where he boarded the car he was struck by the projecting handle-bar of another car of defendant going in the opposite direction, and thrown from his place on the step to the ground, the force of the collision wrenching loose the handle-bar which struck him and precipitating that to the ground also. Plaintiff was badly injured, was in the hospital for nine weeks, and from the character of his injuries the verdict could not well be attacked on the ground that it was excessive. The negligence mainly relied upon by plaintiff is alleged to be the unsafe and defective condition of the defendant's roadbed at this point, which caused the car on which plaintiff was riding to give a sudden lurch or jerk to the side, thus throwing plaintiff's body out and causing his

head to project beyond the side of the car at the moment the other car was passing.

Plaintiff's own testimony located him as standing upon the top step with his head inside the line of the body of the car until the lurch or jerk threw him against the projecting bar. There was other evidence to sustain this view, as there was to support the theory of plaintiff that there was a lurch or sudden jerk of the car such as might have been caused by a defect in the rail. There was, however, no direct evidence of any particular defect or loose rail at the place of the accident at the time of the accident; there being, however, evidence as to the crooked condition of the track at other times when excavations were made to repair or relay the rails. Some of the other passengers who were on the car did not notice any such motion, and still others stated that there was no such swaying or rocking motion as would have been produced by a defect in the track, but merely the jerk caused by plaintiff coming in contact with the other car.

Appellant, however, quotes the language of the trial court in granting the motion to show that the order was made "because the plaintiff assumed all the risk in riding where he did," and contends that it was the evidence upon the issue of contributory negligence which the learned judge, who tried the cause, construed to support the order made. If it were necessary for us in considering the order before us to read this language of the trial judge into it, we would still be bound to interpret the language in support of the court's action. It could not be said that the evidence in the record would justify this court in saying as a matter of law that the plaintiff did *not* assume all the risks in riding where he did, and it is not necessary that we should assume for the purpose of this appeal that the declaration of the trial court that he *did* was a conclusion of law alone. At most, it was a mixed inference of fact and law, and in considering the court's language we must so regard it. So considered, it would mean only that the plaintiff assumed all the risks of riding where he did which the facts of the case disclosed were incurred by him. Thus the question of reconciling the conflicting testimony above mentioned would be before us, and, taking the most favorable view of the evidence in support of the order, there was no risk due to a defective rail or sway-

ing or lurch of the car from such a cause, referred to by the trial court when it said the plaintiff assumed all the risks in riding where he did.

For the purpose of passing upon the motion for a new trial the trial court was bound to assume the instructions given by it to correctly declare the law, as well as to consider all testimony introduced without objection, whether competent or not. (*Williams* v. *Hawley*, 144 Cal. 102, [77 Pac. 762].) In other words, the law given to the jury by the court and the evidence which the court permitted the jury to hear constitute the law and evidence which must be considered by the court upon a motion for a new trial. The trial judge must determine the sufficiency of the evidence to sustain the verdict in the light of the same facts and law that were before the jury. The instruction of the trial court that "there is no law requiring the defendant to place and keep in place a safety-bar on the side of the car on which plaintiff was riding at the time of the accident which resulted in his injuries," is, therefore, not before us on this appeal, except for the purpose indicated.

Treating this question as one of those which we are called upon to determine for the purposes of a new trial (Code Civ. Proc., sec. 53), we are of opinion that the instruction, as far as it went, correctly stated the law. There is neither statute nor ordinance, nor, as we are advised, legal precedent, requiring the defendant to place and keep in place a safety-bar, either in the entrance where plaintiff was riding, or in entrances of this class generally. The instruction did not preclude the plaintiff from showing, or the jury from considering, whether or not it was negligence upon the part of defendant not to provide a safety-bar under such circumstances as existed here. An appropriate instruction in this regard would no doubt have been given by the court had it been requested, but the trial court would not have been justified in saying as a matter of law that the absence of the safety-bar in this case was negligence *per se.*

The order granting the new trial is affirmed.

Allen, P. J., and Shaw, J., concurred.