[Civ. No. 12576. Second Appellate District, Division Two.—November 18, 1940.]

ELZA S. SILCOTT, Respondent, v. CITY OF MONROVIA (a Municipal Corporation), Appellant.

Paul F. Garber, City Attorney, and A. G. Ritter for Appellant.

Walter F. Dunn and Jennings & Belcher for Respondent.

WOOD, J.—Plaintiff sued to recover damages for the death of her daughter, Elberta Silcott, a minor of the age of 18 years, who was killed on March 19, 1938, in an automobile accident alleged to have been caused by the defective condition of a street in the city of Monrovia. A jury returned a verdict in favor of defendant city and thereafter the trial court granted a motion for new trial on the ground of the insufficiency of the evidence to sustain the verdict. The appeal is from the order granting a new trial.

Miss Silcott was a passenger in the automobile of Guy H. Clark, who was the only witness to tell what happened at the time of the accident. He testified that at about 9 o'clock in the evening of March 19 he was driving his car at a speed of 25 miles per hour in a westerly direction on Greystone Avenue in Monrovia. His headlights were in good condition. At a distance of 8 or 10 feet in front of him he saw a "gully in the road". He testified that he observed "only a shadow thrown from my lights enough to know there was a ditch there or something anyway." He tried to apply his brakes but the car struck the ditch, and "jerked" the steering wheel out of his hand. The car "travelled forward in the neighborhood of from 150 to 75 feet" and then turned over. Miss Silcott was caught beneath the car.

Greystone Avenue is an unpaved, dirt street. From March 1 to March 3, 1938, there was a great storm in the vicinity of Monrovia and the heavy rain made a gully extending

diagonally across the street, which sloped from one side to the other. Various witnesses described this gully as ranging in width from 18 inches to 2½ feet and having a depth varying from five to nine inches. The edges were slightly rounded and the sides precipitous. No barricade, warning sign or light was placed at or near the gully after the storm up to the time of the accident out of which this litigation arose.

From the testimony of witnesses who drove their automobiles over the gully in question between the date of the storm and the time of the accident in question it appears that they were severely jolted and twisted; that drivers lost control of their cars; that milk bottles in a milk truck were broken on several occasions. One driver got out of his car after crossing the gully to see if he had broken his running gear. One witness stated that he had received a severe jolting, although he was driving at a speed of from five to ten miles per hour. Immediately after the storm the superintendent of streets of defendant city, G. H. Duell, saw the necessity of making many repairs in the streets of Monrovia and he instructed his foreman to drive over all of the city streets for the purpose of discovering what repairs were to be made. He testified that there were about 60 miles of streets in Monrovia and that the foreman could drive over all of them within two days. The number of employees under Mr. Duell's supervision was immediately increased from 15 or 16 men until as many as 90 men were at work during the "acute period," engaged in "cleaning up the streets, making them passable, making them safe," and in putting up warning lights at dangerous places. Mr. Duell had plenty of lanterns for this purpose. On March 18, in the daytime and more than 24 hours before Miss Silcott was killed, Mr. Duell himself rode over the gully in question but took no steps to have it repaired or to have a lantern or barricade placed near it.

Plaintiff's action is predicated upon the Public Liability Act of 1923 (Stats. 1923, p. 675), wherein it is provided that a city is liable for injuries to persons resulting from the dangerous or defective condition of public streets in cases where its officers had knowledge or notice of the defective or dangerous condition and failed or neglected for a reasonable time after acquiring such knowledge or notice to remedy such condition or to take reasonably necessary action to protect the public.

It is conceded that if the jury had returned a verdict in favor of plaintiff and such verdict would not be supported by substantial evidence, the order granting a new trial should be reversed. (*Estate of Sexton,* 199 Cal. 759 [251 Pac. 778].) In other words, if there is no substantial evidence to support findings necessary to sustain a judgment for plaintiff the trial court unquestionably erred in granting a new trial.

We must also bear in mind the well-established rule that if the trial judge is not satisfied with the verdict and is convinced that it is clearly against the weight of the evidence it is his duty to set it aside. (*Dickey* v. *Davis,* 39 Cal. 565.) An order granting a motion for a new trial will not be reversed by a reviewing court unless it appears that there has been a manifest abuse of discretion. (*Morgan* v. *Los Angeles Pacific Co.,* 13 Cal. App. 12 [108 Pac. 735]; *Whitfield* v. *de Brincat,* 35 Cal. App. (2d) 476 [96 Pac. (2d) 156].)

Giving consideration to the evidence in the light of these rules it is at once apparent that the order of the trial court must be sustained. Plaintiff presented evidence which was ample to sustain findings if such had been made, that the death of plaintiff's daughter was caused by a dangerous and defective condition of defendant's street, that defendant's officers had both actual and constructive notice of such condition, and that they failed to take such action as was reasonably necessary to protect the public. Appellant cites the testimony of Mr. Duell, in which in answer to the question, ''Did you observe on that occasion a ditch two feet wide approximately, and five inches deep, which ran diagonally across Greystone at or near its intersection with Hill Street'' the witness gave the answer, ''Not specifically I did not notice it.'' Photographs of the gully were introduced in evidence by plaintiff and are now before us. From these exhibits and from the evidence introduced it is extremely difficult to see how the street superintendent could have failed to observe that the street was in a dangerous and defective condition. Counsel have filed lengthy briefs in which many cases that arose under the Public Liability Act of 1923 are discussed, some of which involve slight defects in sidewalks and have very little bearing on the case now before us. There is no occasion for a discussion of these authorities in this opinion. A mere statement of the facts surrounding the

accident in the case under review is sufficient to convince that the court did not err in granting a new trial.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 16, 1941.