[No. 12806.   Department Two. — May 28, 1889.]

IN THE MATTER OF THE ESTATE OF ANDREW KOHLER, DECEASED.   CONTEST OF CARRIE GERHOLDT.

<div style="float:right">79 313<br>131 477</div>

APPEAL — REVIEW OF EVIDENCE. — The verdict of a jury will not be set aside by the appellate court for insufficiency of evidence where there is any evidence to sustain the verdict, or where the evidence is substantially conflicting.

CONTEST OF WILL — UNDUE INFLUENCE — FRAUD. — The provisions of section 1575 of the Civil Code apply to undue influence generally, and are applicable to wills as well as to contracts.   The same is true of the provisions of section 1572 of the same code, relative to fraud.

ID. — INCOMPETENCY OF TESTATOR — PLEADING. — An allegation by the contestant of a will that the mind of the decedent was weak, debilitated, and deranged to such an extent as to incapacitate him from making or undertaking a will or codicil tenders an issue as to "the competency of the decedent to make a last will and testament," within the meaning of section 1312 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*William M. Pierson, H. C. Hyde,* and *John Lloyd,* for Appellants.

The evidence tending to show undue influence or fraud consisted only of the declarations of the testator, which the court instructed the jury they could not consider for that purpose, but only for the purpose of showing what effect such undue influence or fraud had upon his mind if proved by other evidence.   Yet the jury found those facts without other evidence, contrary to the instructions of the court, and contrary to law. (*Cudney* v. *Cudney,* 68 N. Y. 148; *Rusling* v. *Rusling,* 35 N. J. Eq. 120; *Comstock* v. *Hadlyme,* 8 Conn. 254; 20 Am. Dec. 100; *Robinson* v. *Hutchinson,* 26 Vt. 38; 60 Am. Dec. 298; *Waterman* v. *Whitney,* 11 N. Y. 157; 62 Am. Dec. 71; *Marx* v. *McGlynn,* 88 N. Y. 374; *Griffith* v.

*Diffendorfer*, 50 Md. 466; *Johnson* v. *Hicks*, 1 Lans. 150; *Boylan* v. *Meeker*, 28 N. J. L. 274.) The contest does not allege the incompetency of the testator to make a will. (Code Civ. Proc., sec. 1312.) Weak-mindedness and nervous irritability do not prove the case. There must be direct proof of mental incompetency. (*Fraser* v. *Jennison*, 42 Mich. 227.) The motion for a nonsuit should have been granted. (*Oscanyan* v. *Arms Co.*, 103 U. S. 265; *Pleasants* v. *Fant*, 22 Wall. 122; *Geary* v. *Simmons*, 39 Cal. 232; *Vanderford* v. *Foster*, 65 Cal. 49.) Sections 1572 and 1575 of the Civil Code relate only to contracts, and the court erred in instructing the jury as to their contents.

*Charles F. Hanlon*, for Respondent.

The defense added to the testimony as to the decedent's incompetency, and so waived the motion for a nonsuit. (Hayne on New Trial and Appeal, sec. 118.) There was a substantial conflict of evidence as to fraud and undue influence, and mental incompetency was clearly established. It is sufficient to sustain the verdict that there was evidence tending to sustain either ground of contest. The jury are the judges·of the fact and of inferences from them.

Foote, C. —This is an appeal from a judgment rendered upon the special verdict of a jury annulling a codicil to the last will of a decedent, and from an order denying a new trial of the contest of the codicil.

The testator, Andrew Kohler, made his will on the 19th of February, 1884, wherein he made several legacies, among them being one of five thousand dollars to the contestant, Miss Carrie Gerholdt, who seems to have been at that time a favorite niece. On March 4, 1885, he executed a codicil to that will, whereby he revoked the legacy given to the contestant.

The grounds of the contest are, that the testator was

fraudulently induced to execute the revoking codicil; that undue influence was exercised to accomplish that end; that he was mentally incompetent when he made the codicil.

The fourth ground, the informality attending the making of the codicil, was abandoned, and the special issues, from the seventeenth to the twenty-second inclusive, were withdrawn from the consideration of the jury.

Special issue No. 9, under the head of "undue influence," was also withdrawn by contestant.

After the evidence on the part of the contestant had been submitted to the jury upon the issues then before them, a nonsuit was moved for by the appellant, which was refused. The proponents then presented their side of the case, the issues were submitted to the jury, and they found in favor of the contestant.

The court rendered its judgment, based upon the verdict: That the codicil in contest was, so far as its formal execution was concerned, in accordance with law, but that it was not, in fact, the codicil of the testator, on the ground of his incompetency to make it, or to dispose of his property by will; that at the time he made it he was acting under undue influence and fraud practiced by other persons.

The appellants claim that the evidence was totally wanting in any of the necessary elements to sustain the contentions of the contestant, even according to her own showing, and that a nonsuit should accordingly have been given in their favor.

A close scrutiny of the record has satisfied us that there was no such entire absence of evidence tending to prove the issues as submitted as would permit us to declare the action of the court below erroneous.

The instructions are also very sharply assailed. It is said that they are misleading; that the court improperly applied the rules of law as laid down in the Civil Code

with reference to undue influence and fraud; that the rule as declared with reference to undue influence is taken from section 1575 of the Civil Code, in that part relating to contracts, and under the chapter entitled "Consent," and that it has no reference to wills.

There is nothing in the section which shows that it was not intended to apply to undue influence generally, and the rule is certainly applicable under the evidence in the record.

The same argument is used with reference to the rule laid down as to actual fraud, under section 1572 of the same code. We do not perceive any merit in the position taken.

The instructions, taken altogether, were plainly expressed and easy of comprehension to an unbiased mind; the law, as it seems to us, was properly given under the pleadings, issues, facts, and circumstances contained in the record, and this is entirely sufficient. (*People* v. *Tomlinson*, 66 Cal. 344.)

The appellants further claim that there was no issue made in the pleadings as to the competency of the testator to make a will, and that therefore the verdict on special issue No. 16 was not supported by the pleadings.

The special issue submitted was this: "Was Andrew Kohler mentally incompetent to make a codicil or dispose of his property by will on March 4, 1885?"

The allegation of the complaint on the point is, that "on March 4, 1885, and for a long time prior to his death, said Andrew Kohler's mind was *weak, debilitated,* and *deranged* to such an extent as to incapacitate him from making or undertaking a will or codicil."

It is provided by the Code of Civil Procedure, section 1312, that a will may be contested upon the issues: "1. The competency of the decedent to make a last will and testament."

If the testator's mind was weak, debilitated, and deranged to such an extent as to incapacitate him from

making or undertaking a will or codicil, he could hardly be said not to be *incompetent* to make a will or codicil. Thus the issue found upon was within the pleadings.

The verdict of the jury based upon all the evidence in the case is most vigorously attacked.

In view of the fact that the witnesses for the contestant sharply contradicted those for the proponents in all material matters, it is unnecessary to go into a detailed argument showing the verdict to have been sustained by a preponderance of evidence. The jury saw and heard the witnesses, observed them doubtless particularly and critically, and took note beside of all the circumstances surrounding the transactions. We cannot say that upon evidence substantially conflicting they gave credit to some witnesses and denied it to others improperly.

Upon the whole case, perceiving no prejudicial error, we advise that the judgment and order denying a new trial be affirmed.

BELCHER, C. C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed.

Hearing in Bank denied.