[No. 15515.   Department Two.—September 13, 1894.]

IN THE MATTER OF THE ESTATE OF WILLIAM W. CARRIGER, DECEASED.   KATE C. CARRIGER, APPELLANT.

NEW TRIAL—INSUFFICIENCY OF EVIDENCE—APPEAL—REVIEW OF ORDER.—Where a motion for a new trial is based upon alleged errors of law occurring at the trial, and also upon the insufficiency of the evidence to justify the verdict, and the order of the court below granting the motion does not state the ground upon which it was based, it must be sustained upon appeal if it can be justified upon the ground of the insufficiency of the evidence.

ID.—REVIEW OF EVIDENCE BY TRIAL COURT—CONFLICT.—When the judge of a trial court grants a new trial for insufficiency of the evidence to warrant the verdict, his order will not be reversed, unless it appears to the appellate court that he had no reasonable and just ground to hold that the verdict was against the weight of the evidence; and the mere fact that there was conflicting evidence on the points at issue does not preclude the trial court from granting a new trial.

ID.—DISCRETION—REVIEW UPON APPEAL.—A motion for new trial is addressed to the sound legal discretion of the trial judge, and an order granting or refusing it will not be disturbed, unless it appears that there has been a manifest abuse of discretion.

ID.—CONTEST OF WILL—UNDUE INFLUENCE—INSUFFICIENCY OF EVIDENCE.—Where a will is contested upon the ground of undue influence, and it appears that the will was made by a man in the prime of life, and in the full possession of his mental powers, who gave instructions for his will to a lawyer, and executed it in accordance with the forms of law, without the presence of any relative, an order granting a new trial for insufficiency of the evidence to justify a verdict that the testator was unduly influenced will not be disturbed upon appeal.

ID.—SCRUTINY OF VERDICT AGAINST WILL—VERDICT PROPERLY SET ASIDE.—The upsetting of wills is a growing evil, and a verdict having that effect should be closely scrutinized by the trial judge; and where it appears that the will was executed under such circumstances that the judge may well conclude that the verdict against the will was founded more upon the jury's own notion as to what the will ought to have been than upon a conclusion from the evidence that it did not express the wishes of the testator, the verdict is properly set aside.

APPEAL from an order of the Superior Court of Sonoma County granting a new trial.

The facts are stated in the opinion of the court.

CIV. CAL.—6

*William S. Barnes, Dunne & McPike,* and *J. P. Rodgers,* for Appellant.

The court erred in setting aside the verdict of the jury, as it is only where the decision is against the weight of the evidence that the trial court can set aside the verdict. (*Irving* v. *Cunningham,* 58 Cal. 309; *Duff* v. *Fisher,* 15 Cal. 380; *Mason* v. *Austin,* 46 Cal. 387; *Dickey* v. *Davis,* 39 Cal. 569, 570; 3 Graham and Waterman on New Trials, 1207.)

*Henley, McSherry & Costello, Henley & McSherry, Barclay Henley, S. V. Costello,* and *T. Carl Spelling,* for Respondents.

The order granting a new trial was a general order, and as one of the grounds upon which it was asked was insufficiency of the evidence, and the evidence is conflicting, the order should be affirmed. (Hayne on New Trial and Appeal, sec. 284; *Weddle* v. *Stark,* 10 Cal. 302; *Oullahan* v. *Starbuck,* 21 Cal. 414; *Sherman* v. *Mitchell,* 46 Cal. 580; *Altschul* v. *Doyle,* 48 Cal. 536; *Pierce* v. *Schadem,* 55 Cal. 407; *People* v. *McAuslan,* 43 Cal. 55; *Thompson* v. *Felton,* 54 Cal. 554; *Clarkin* v. *Lewis,* 20 Cal. 634; *Curtiss* v. *Starr,* 85 Cal. 376, 377.)

McFarland, J.—The alleged last will of William W. Carriger, deceased, having been proposed for probate by the executor therein named, a contest thereof was made by Kate C. Carriger, the widow of the deceased, upon the grounds: 1. That the deceased was not of sound and disposing mind and memory at the time the will was made; and 2. That the will was made under the undue influence of Alfred Boggs Carriger, a brother of deceased. Nine special issues were presented to a jury. The first issue was this: " Was said William Carriger, at the time of the making of said will, a man of weak mind, vacillating, and easily led?" To this, the jury answered " No." The next seven issues so presented were about intermediate probative facts, and were answered by the jury favorably to the contestant. The

ninth and last issue, which contained the pith of the charge of undue influence, was as follows: "Did the said William W. Carriger, at the time of the making of the will in question, understand and know what he was about, and does it express his real wishes, and dispose of his estate in accordance with his own independent judgment and desire, entertained by him at the time of its execution?" To this the jury answered "No." The proponent moved that the verdict be set aside, and for a new trial, and the court below granted the motion, and ordered a new trial. From the order granting a new trial the contestant appeals.

The motion for a new trial was based upon alleged errors of law occurring at the trial, and upon the insufficiency of the evidence to justify the verdict—the particulars of said insufficiency being fully set forth. The order of the court below granting the motion for a new trial does not state the ground upon which it was based. It must be sustained, therefore, if it be justified on any of the grounds upon which the motion was made.

We will pass over the alleged errors of law, which do not seem to be of vital importance, and assume that the motion was granted for insufficiency of the evidence to justify the verdict. Taking this view of the case, we see no good reason for disturbing the order appealed from. When the judge of a trial court is satisfied that a verdict is not warranted by the evidence he should set it aside; and when he does so his order granting a new trial will not be reversed unless it appears to this court that he had no reasonable and just ground for holding that the verdict was against the weight of the evidence. The mere fact that there is some conflicting evidence on the points at issue does not preclude him from exercising the supervisory power of granting a new trial which is clearly given him. (*Dickey* v. *Davis*, 39 Cal. 569; *Sherman* v. *Mitchell*, 46 Cal. 580; *Irving* v. *Cunningham*, 58 Cal. 306; *Breckenridge* v. *Crocker*, 68 Cal. 403; *Bronner* v. *Wetzlar*, 55 Cal. 419· *Pierce* v.

*Schaden,* 55 Cal. 406; *Phelps* v. *Union C. M. Co.,* 39 Cal. 410; *Peters* v. *Foss,* 16 Cal. 358; *Curtiss* v. *Starr,* 85 Cal. 376.) This court will, of course, reverse orders denying or granting new trials in extreme cases. No absolute rule of universal application can be formulated. This court has approximated such a rule as nearly as may be by saying that a motion for a new trial is addressed to the sound legal discretion of the trial judge, and that an order granting or refusing it will not be disturbed unless it appears that there has been a manifest abuse of discretion. (See cases above cited.) Such language has been used by nearly every justice who has sat on this bench, and it is not open to just adverse criticism.

It would serve no useful purpose to recite here the evidence given at the trial of the case at bar. The most that could be said of it favorable to the contention of appellant is that it was somewhat conflicting. But it would be preposterous to say that the evidence was of such a character that the judge, in holding it insufficient to warrant the verdict, stepped out of his legitimate province, exceeded his real powers, and manifestly abused his discretion. The will in question was made by a man in the prime of life and in the full possession of his mental powers. He went alone to a lawyer's office, and, after some consultation, directed him to prepare his will according to his instructions then given. In a day or two he returned alone to the lawyer's office, and the will having been prepared according to his instructions, he then and there executed it in accordance with the forms of law. The occupant of a neighboring office was called in, who with the lawyer signed as subscribing witness. Neither his brother Boggs nor any other relation or person was with the testator upon these occasions. To set aside a will made under these circumstances is a serious matter; and a verdict having that effect should be closely scrutinized by the trial judge. The upsetting of wills is a growing evil. In the case at bar, the judge may well have thought that the verdict was founded (insensibly, perhaps) more upon the jury's own notion of what the

will ought to have been, than upon a conclusion from the evidence that the instrument in question did not express the testator's own wishes, and is not therefore his will.

The order appealed from is affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.