## The Wichita & Western Railway Company v. John Kennedy.

### No. 346.

1. PRACTICE, DISTRICT COURT—*Instructions—Law of the Case.* Where an instruction to the jury was in conformity with the plaintiff's theory of the cause of his personal injury by the alleged negligence of the defendant railroad company, as such theory was indicated by the petition, by the plaintiff's statement of his case to the jury, and by the testimony offered in support of his cause of action, and the instruction so given was not objected or excepted to by the plaintiff, the same became the law of the case, binding on the plaintiff in the trial court and in this court.

2. ——— *Special Findings—Jury Disregarding Instructions.* Where, under the circumstances stated in the foregoing paragraph, the special findings of fact show that the jury rejected plaintiff's trial theory and disregarded said instruction, the trial court ought to have set aside the verdict in favor of the plaintiff.

Error from Sedgwick district court; C. REED, judge. Opinion filed September 21, 1898.   Reversed.

*Fred W. Bentley*, for plaintiff in error.

*John D. Davis*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: This action was brought by the defendant in error against the plaintiff in error and two other railroad companies, to recover the sum of $5000 as damages for personal injuries received while in the discharge of his duty as brakeman in the railroad yards at Wichita. Before the trial was had, the action was dismissed as to the other two companies. Verdict and judgment were rendered in favor of Kennedy in the sum of $500.

The petition alleged that on the 18th day of January, 1891, the plaintiff, "while attempting to couple engine No. 6 belonging to said defendants, having an

oval draw-bar or head, which draw-bar or head was broken, onto a coach belonging to said defendants, having a Miller draw-bar or head, at Wichita, Sedgwick county, Kansas, was injured by being squeezed between the platform of said coach and the tender of said engine in a manner and to such an extent as to render such plaintiff incapable of doing manual labor." It was further alleged that the injury was caused by the negligence of the defendants, their servants and their employees in the management of their cars, engines, trains, and machinery, and in the use of defective, insufficient and improper cars, engines, and appliances, and with negligent operation of said cars, engines, and trains; all of which the defendants then and prior thereto knew were defective and insufficient, while the plaintiff did not have any opportunity to ascertain such defects. The defendant company denied generally the allegations of the petition. A portion of the statement of the plaintiff's case to the jury by his counsel was as follows:

"The plaintiff in this case, John Kennedy, was employed as a brakeman on the Wichita & Western railway; and on or about the 18th day of January, 1891, in attempting to make a coupling of a coach to that of the tender of an engine, the coach having a Miller draw-bar on it and the engine having an oval draw-bar, and the oval draw-bar of the engine being broken, the two cars passed, and Mr. Kennedy was caught in between the tender of the engine and the platform of the coach, and was severely squeezed. The plaintiff in this case will prove that on account of the imperfect condition of the draw-bar of the engine, which was broken, this injury occurred; that if the draw-bar was complete and perfect, under the circumstances they could not have passed."

From the testimony, it appears that there were two transverse "slots" in the draw-head of the engine,

Railway Co. v. Kennedy.

and that for some months before the plaintiff was injured the central portion of the roof of the upper slot had been broken out, leaving the lower slot alone fit for use.  The Miller draw-bar was about one inch higher than the draw-head of the engine, and it was a difficult matter to make the coupling between the cars and the engine.  The difficulty was increased by the fact that the engine was on a curve while the car was on a straight track.  Plaintiff had worked with this same engine and car for a long time, and was well aware of the condition of the draw-head of the engine, and had not made any objection to using the same. He knew that the Miller draw-bar was so constructed that it would slip sidewise, and the defective condition of the engine draw-head was known to the defendant long prior to plaintiff's injury.

Instruction 9, given by the court, was as follows :

"Of course, in this case the burden of proof is upon the plaintiff to establish his case.  And so you are instructed that before the plaintiff can recover in this action he must show by the greater weight of evidence that the defective draw-head on the engine was the immediate and proximate cause of the injury.  If you find from all the evidence in the case that if the engine draw-head had been perfect, and the plaintiff had attempted to couple the car into the lower pocket of the draw-head, and that the Miller draw-head in that event would have slipped by, then you should find a verdict for the defendant, for the reason that the plaintiff relies upon the fact of the defective draw-head upon the engine."

This instruction was excepted to by the defendant only.  It therefore became the law of the case so far as the plaintiff was concerned.  Special findings Nos. 15 and 16, as returned by the jury, read :

"15. Is it not a fact that when the engine and car came together at the time of the accident the link with

which plaintiff was trying to make a coupling pushed the Miller draw-bar to one side just as, or just before, the Miller draw-bar struck the draw-head of the engine? Ans. Yes.

"16. Is it not a fact that if the engine draw-head had been perfect, and plaintiff had attempted to make the coupling in the lower slot of the engine draw-head, the accident would have happened? Ans. Yes."

The defendant's motion for judgment on the special findings and its motion for a new trial were overruled.

The foregoing facts bring this case within the principle governing the decisions in the following cases: *Rush, Adm'x, v. Mo. Pac. Rly. Co.*, 36 Kan. 129, 12 Pac. 582; *A. T. & S. F. Rld. Co. v. Schroeder*, 47 id. 315, 27 Pac. 965; *Morbach v. Mining Co.*, 53 id. 731, 37 Pac. 122. In all these cases it was held that the injured employee had assumed the risks incident to his dangerous employment.

The plaintiff's petition and statement of his case, as well as his testimony, presented a certain theory as to the cause of the injury; that is, that the draw-heads passed each other because of the defective condition of the draw-head on the engine. That theory was rejected by the jury, as appears from the findings quoted above. The instruction of the court in respect to that theory was the law of the case so far as the plaintiff was concerned. The jury disregarded that instruction in returning a verdict for the plaintiff. The trial court ought to have set aside the verdict and granted a new trial. We are asked to order that judgment be rendered in favor of plaintiff in error on the special findings of fact. This we are unwilling to do, under the circumstances of the case. We hold, however, that the trial court erred in overruling the motion for a new trial. Its judgment will therefore be reversed and the cause remanded for a new trial.