[S. F. No. 3032.    Department Two.—May 23, 1903.]

In the Matter of the Estate of MICHAEL KEEGAN, Deceased. MARY MONIHEN et al., Appellants, v. JOHN KANE et al., Respondents.

ESTATES OF DECEASED PERSONS—CONTEST OF WILL—SUPPORT OF VERDICT.—Upon the contest of a will which has been admitted to probate, where the verdict of the jury upheld the will, and the trial judge refused to grant a new trial, the appellate court will not disturb the verdict where the evidence is conflicting, unless the evidence is overwhelmingly in favor of the appellants.

ID.—EXCLUSION OF EVIDENCE OF FACTS OTHERWISE PROVED.—The exclusion of evidence of facts otherwise sufficiently proved is not prejudicial error.

ID.—OPINION AS TO MENTAL SOUNDNESS—QUALIFICATION OF WITNESS—"INTIMATE ACQUAINTANCE"—DISCRETION OF COURT.—A witness who had testified that he had lived in the same house with the deceased, and had seen him almost every day for one year prior to his death, and had had frequent conversations with him, was properly allowed by the court to give his opinion, as an "intimate acquaintance," in regard to the mental soundness of the deceased. The determination whether a witness is an "intimate acquaintance" is largely within the discretion of the court.

ID.—OMISSION TO PROVIDE FOR NEPHEWS AND NIECES.—An uncle is under no obligation, ordinarily, to provide for his nephews and nieces, either when living or by will, and the failure to name them in the will does not, under the statute, raise the presumption that they were forgotten.

ID.—UNDUE INFLUENCE—GENERAL INFLUENCE—MERE SUSPICION.—Mere general influence, not brought to bear on the testamentary act, is not undue influence; but, in order to constitute undue influence, it must be used directly to procure the will, and must amount to coercion destroying the free agency of the testator. Mere suspicion that undue influence was brought to bear is not sufficient to justify the setting aside of the will.

ID.—REFUSAL OF INSTRUCTIONS.—It is not prejudicial error to refuse an instruction which is mere matter of common knowledge, and which is substantially given in the charge of the court, nor to refuse an inapplicable instruction which intimates the existence in the case of the facts recited in the instruction.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

S. V. Costello, J. J. Barrett, and John O'Gara, for Appellant.

The evidence shows that the deceased was too childish and mentally weak to appreciate the nature or consequences of the act of making a will. There is therefore an absence of testamentary capacity. (*Mannatt* v. *Scott*, 106 Iowa, 203;[1] *Hall* v. *Perry*, 87 Me. 569;[2] *Delafield* v. *Parish*, 25 N. Y. 9; Ordronaux's Judicial Aspects of Insanity, p. 363; Redfield on

---

[1] 68 Am. St. Rep. 293.    [2] 47 Am. St. Rep. 352.

Wills, pp. 97, 124.)    There is every indication of the presence
of senile *dementia.* (Bell's Taylor's Medical Jurisprudence,
pp. 710-741.)    John Kane, being trusted with the man-
agement of the affairs of the deceased, stood in a confidential
relation to him, and the burden was upon him to show the
absence of undue influence of a will in his favor. (*Barkman*
v. *Richards,* (N. J.), 49 Atl. Rep. 831.)    The evidence is
clearly insufficient to sustain the special verdict that John
Kane did not exert undue influence upon Michael Keegan.
(*Greenwood* v. *Clyne,* 7 Or. 17; *Tyler* v. *Gardner,* 35 N. Y.
559; *Barkman* v. *Richards,* (N. J.), 49 Atl. Rep. 831; *Haydock*
v. *Haydock,* 33 N. J. Eq. 494; *Matter of Gallup,* 43 App. Div.
(N. Y.) 437; *In re Barney's Will,* 70 Vt. 352.)

George W. Schell, and William H. Cobb, for Respondents.

The testimony fully supports the verdict. The presump-
tion is in favor of soundness of mind, and undue influence,
destroying free agency, must be affirmatively shown. (*Estate
of Kaufman,* 117 Cal. 289; [3] *Estate of Wilson,* 117 Cal. 270;
*Estate of Scott,* 128 Cal. 57.)    There was no error in the rul-
ings of the court to appellant's prejudice.

McFARLAND, J.—The will of Michael Keegan, deceased,
having been regularly admitted to probate, it was afterwards
contested by Mary Monihen and others, upon the grounds,—
1. That at the time of the making of the will the deceased
was not of sound mind; and 2. That it was procured by the
undue influence of one of the proponents—John Kane. There
was another ground, of "fraud and misrepresentation," which
was, however, abandoned. The two issues were submitted to
a jury, who found adversely to contestants upon both of them.
Contestants made a motion for a new trial, which was denied,
and from the order denying the new trial they appeal.

The main contention of appellants is, that the evidence was
insufficient to justify the verdict, but, waiving respondents'
point of want of proper specification, this contention is not
maintainable. Where, in a contest brought to upset a will,
the verdict upholds the will, and the trial judge refuses to
grant a new trial, this court will not disturb the verdict unless
the evidence be almost overwhelmingly in favor of appellants.

[3] 58 Am. St. Rep. 179.

This is certainly not the case here. We do not deem it necessary to state the evidence. It is sufficient to say that there is no foundation for the contention that there was not at least a substantial conflict as to the issue of the testator's mental capacity to make a will, and that this may be said with greater emphasis as to the issue of the alleged undue influence of the respondent Kane. Therefore, the order appealed from cannot be reversed on the ground of the insufficiency of the evidence.

There was no error in ruling upon the admissibility of evidence which calls for a reversal. Respondents' witness Ziegler, who had, as an attorney at law, successfully conducted a former action for the deceased in his lifetime against one Kelly, was asked by appellants' counsel on cross-examination how much money he had collected for the deceased in that action. An objection to the question was sustained, and appellants contend that this ruling was erroneous. We do not see how this question was material; but, at all events, the ruling was not prejudicial, for at the time the question was asked counsel for appellant had in his hands the execution in the former case, which showed the amount; and, moreover, the witness, in a former part of his cross-examination, had stated the amount so received by him. The only other alleged error in ruling on the admissibility of evidence which is insisted on consisted in allowing the witness Edward Harris to give his opinion, as an intimate acquaintance, of the mental soundness of the deceased. Before the witness was asked the question as to mental soundness, he had testified that he had lived in the same house with deceased,—the latter occupying apartments on one side of the hall, and the witness on the other, on the same floor,—had been in his apartments, and had seen him nearly every day during the year before his death, and had frequent conversations with him. In *Wheelock* v. *Godfrey,* 100 Cal. 578, this court, after stating the great difficulty of determining whether a particular witness was an "intimate acquaintance," says: "It is for this and similar reasons that this court has said that the question was addressed to the discretion of the court below, and that, there being no abuse of the discretion, the appellate court would not interfere" (citing cases); and the court restates what was said on the subject in *Estate of Carpenter,* 94 Cal. 407, as follows: "A very large discretion must be con-

ceded to the trial court. If the conclusion reached is one which can be reasonably entertained, consistently with the above idea of intimacy [thereinbefore set out], this court cannot review the ruling.'' Following these views, we cannot say that the court committed an error in admitting the testimony in question.

There was no ruling of the court in the matter of giving and refusing instructions which calls for a reversal. It was not error to instruct that ''an uncle is under no obligation ordinarily to provide for his nephews and nieces, either when living or by will; and failure to name them, or any of them, in the will does not, under the statute, raise the presumption that they were forgotten.'' Neither was there error in giving instruction 10 asked by respondents. It was to the effect that mere ''general influence, not brought to bear on the testamentary act,'' is not undue influence, but that the influence must be used directly to procure the will, ''amounting to coercion destroying free agency on the part of the testator.'' This instruction was correct, as the ground that the will was procured by the ''fraud and misrepresentation'' of the respondent Kane was abandoned at the trial. There was no error in saying that ''mere suspicion that undue influence or pressure was brought to bear is not sufficient to justify the setting aside of the will.'' We do not deem it necessary to state here instructions 11 and 12, given at the suggestion of respondent. It is sufficient to say that there is nothing erroneous in either of them. The refusal of instruction No. 3, asked by appellants, was not prejudicial error. Passing over respondents' criticism of certain parts of the language used, we will assume that it merely states (what is common knowledge) that idiocy or extreme mental weakness arising from old age may render a man incompetent to make a will; and considering the detailed statement in the instruction found at page 131, and given at the request of appellants, of the powers of mind and memory necessary to the making of a valid will, the appellants could not have been injured by the failure to give said instruction 3. Instruction 4 asked by appellants was properly refused. In the first place, the evidence did not warrant the extreme rule involved in the instruction, which is applicable alone to certain confidential relations; and, in the

second place, the language used is such as to almost necessarily intimate to the jury the existence in the case at bar of the facts recited in the instruction.

We think that the case was fairly presented to the jury, and that there is no legal reason for the reversal of the order denying a new trial. The order appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.