## ESTATE OF BERTHA M. DOLBEER, DECEASED.

**Testamentary Capacity.—The Test of Capacity to Make a Will is** this: The testatrix must have strength and clearness of mind and memory sufficient to know in general, without prompting, the nature and extent of the property of which she is about to dispose, the nature of the act which she is about to perform, the names and identity of the persons who are the proper objects of her bounty, and her relation toward them.

**Testamentary Capacity.—In Order to have a Sound and Disposing** Mind the testatrix must be able to understand the nature of the act she is performing, she must be able to recall those who are the natural objects of her bounty, she must be able to remember the character and extent of her property, she must be able to understand the manner in which she wishes to distribute it, and she must understand the persons to whom she wishes to distribute it. It is not sufficient that she have a mind sufficient to comprehend one of these elements; her mind must be sufficiently clear and strong to perceive the relation of the various elements to one another, and she must have at least a general comprehension of the whole.

**Will.—The Right to Leave Property by Will** is a right given by the law alone; that is, a person has no natural right to leave his property in any particular way.

**Wills—Injustice or Unreasonableness of Disposition.—The com-**petency of the testatrix being shown, the wisdom or folly, justness

· or unjustness of the will, can play no part in the question of its validity; but the character of the provisions of the will, as being just or unjust, reasonable or unreasonable, may be considered by the jury as tending to throw light on the capacity of the testatrix.

Testamentary Capacity—Terms of Will and Condition of Estate.— In determining the soundness of mind of a testatrix, the jury should take into consideration the provisions of the will itself, and also the condition and nature of the estate disposed of.

Testamentary Capacity—Condition and Relation of Beneficiaries.— In determining the soundness of mind of a testatrix, the jury should consider the condition of the beneficiaries under the will, the relations between the testatrix and any contestants or excluded relatives, and also their age, condition, circumstances, and their conduct toward the testatrix.

A Witness False in One Part of His Testimony is to be distrusted in other parts.

Jurors are the Sole Judges of the Effect and Value of the Evidence addressed to them; their power is not arbitrary, however, but is to be exercised with legal discretion and in subordination to the rules of evidence.

Testamentary Capacity—Opinion of Acquaintance.—Where the opinion of an intimate acquaintance is given respecting the mental capacity of a testatrix, it is proper for the jurors to consider the degree of intimacy of the acquaintanceship in determining how much weight should be given to the opinion, and they must determine the weight to be given the opinion of each witness from the facts and circumstances upon which he founded his opinion, keeping in view the degree of intimacy existing in each case.

Wills—Unreasonable Provisions — Unfounded Discrimination.—A person has the right by will to bestow her property on whomsoever she pleases; and if there is no testamentary incapacity, the law must give effect to her will, even though the provisions may appear unreasonable, or however great or unfounded may be her likes or dislikes or resentment against those who may be thought to have some claim against her bounty.

Wills—Injustice or Impropriety of Provisions.—The beneficiaries named in a will are as much entitled to protection as any other property owners, and juries should not set aside a will through prejudice or merely on suspicion, or because it does not conform to their ideas as to what is just or proper.

Testamentary Capacity—Discrimination Against Heirs.—It cannot be presumed that a testatrix was of unsound mind because she discriminated against her heirs in the disposition of her estate.

Wills—Right to Dispose of Property.—A person of sound mind may leave his property by will to relatives, or dispose of it otherwise as he pleases. His own wishes and judgment in this regard are sole and supreme.

Wills.—Mere Hatred or Dislike of Relatives which influences a testatrix in making her will, without proof of actual mental unsoundness, will not invalidate the will.

Testamentary Capacity.—The Law Presumes that Every Person possesses a sound and disposing mind, and his devisees and legatees are entitled to this presumption as a matter of evidence.

Testamentary Capacity—Burden of Proof in Will Contest.—Those who contest a will on the ground that the testatrix was of unsound mind have the burden of proof to establish such unsoundness by a preponderance of evidence. If the evidence is equally balanced, the contestants fail to sustain the burden which the law imposes upon them.

Testamentary Capacity—Burden of Proof and Preponderance of Evidence.—Persons who assert the insanity of a testatrix are required to prove their assertions by a preponderance of evidence, by which is meant that amount of evidence which produces conviction in an unprejudiced mind.

Testamentary Capacity.—The Presumption that Every Person is of Sound Mind until the contrary is proved is a legal presumption.

Testamentary Capacity—Perfect Mental Health.—The law does not require that a person, to be competent to make a will, should be in perfect mental health.

Testamentary Capacity—Time When must Exist.—When a will is contested on the ground that the testatrix was of unsound mind, the time when the will was executed is the time to which the jury must look in determining the question of testamentary capacity. What her mental condition was before or after the execution of the will is important only so far as it throws light upon her mental condition when the will was executed.

Testamentary Capacity.—The Will Itself may be Considered in determining whether the author was of sound and disposing mind.

Testamentary Capacity—Bodily Health and Strength.—In determining testamentary capacity it is the soundness of mind, not the state of bodily health, that is considered. The bodily health of a testatrix is important only so far as it may be evidence of the state of her mind. Neither sickness nor physical disability alone will disqualify a person from making a will.

Suicide is Never Presumed by the Law from the mere fact of death.

Testamentary Capacity.—The Fact that a Testatrix Committed Suicide raises no presumption that she was of unsound mind at that time.

Wills.—A Niece is Under No Obligation to Provide for Her Uncles and aunts, either when living or by will, and the failure to name them in her will raises no presumption that they were forgotten.

Will Contest—Relative Wealth or Poverty of Parties.—If a testatrix was of sound and disposing mind when she made her will, the jury cannot consider, in case of a contest of the will, the relative wealth or poverty of the parties to the controversy.

The Opinion of a Witness Founded upon a Hypothetical Question must be brought to the test of facts in order that the jury may judge what weight the opinion is entitled to.

Will Contest.—For the Jury to Go Outside the Evidence and base its decision in a will contest upon anything but a consideration of the evidence is to disregard the law and their oaths.

Will Contest—Province of Court and Jury.—In a will contest the jurors are to find the facts, but they must take the law from the court.

Wills—Unjust Provisions.—A Person of Sound Mind has a Right to make an unjust or even a cruel will, if he chooses, and no court or jury may deprive him of that privilege.

Witnesses—Impeaching Evidence.—A Witness Called by One Party may be impeached by the other party by proof that he has made at other times statements inconsistent with his present testimony; but such evidence is to be considered by the jury only as affecting the credibility of the witness.

Hiram W. Johnson and Albert M. Johnson, for contestant Adolph Schander.

E. S. Pillsbury, for proponent William G. Mugan.

W. F. Williamson, for proponent George D. Gray.

Garrett W. McEnerney, for Etta Marion Warren, legatee.

COFFEY, J.   Bertha M. Dolbeer died July 9, 1904, leaving a will dated April 23, 1904, which will was filed herein July 18, 1904, together with the petitions of George D. Gray and William G. Mugan, praying for its admission to probate, and the issuance to them of letters testamentary.

The will is as follows:

"I, Bertha Marion Dolbeer of the City and County of San Francisco, State of California residing therein, being of sound and disposing mind, do hereby make, publish and declare this as and for my last will and testament; that is to say:

"*First*—I hereby revoke all wills and testamentary writings heretofore made by me.   I also declare that I have never been married.

"*Second*—I give, devise and bequeath to my devoted friend Etta Marion Warren of San Francisco, California, the sum of Three Hundred Thousand Dollars ($300,000.)   I also give devise and bequeath to Etta Marion Warren my house and lot inherited by me from my father and known as 2112 Pacific Ave. and also all my pictures, furniture, jewelry, books, plate and ornaments.

"*Third*—I give, devise and bequeath to my cousin Ellen M. Hall, of Epsom, New Hampshire, the sum of Twenty-five Thousand Dollars ($25,000.)

"*Fourth*—I give, devise and bequeath to my cousin, Elizabeth C. Phillips of San Francisco, California, the sum of Ten Thousand Dollars ($10,000.)

"*Fifth*—I give, devise and bequeath to my cousin, Ralph Chase, of Berkeley, California, the sum of Ten Thousand Dollars ($10,000.)

"*Sixth*—I give, devise and bequeath to my cousin, Ethel F. Roche, of San Francisco, California, the sum of Ten Thousand Dollars ($10,000.)

"*Seventh*—I give, devise and bequeath to William G. Mugan, of San Francisco, California, the sum of twenty Thousand Dollars ($20,000.)

"*Eighth*—I give, devise and bequeath to Percy J. Brown, of Eureka, California, the sum of Ten Thousand Dollars ($10,000.)

"*Ninth*—I give, devise and bequeath to Peter Kyne, of San Francisco, California, the sum of Five Thousand Dollars ($5,000.)

"*Tenth*—I give, devise and bequeath to Helen L. Wagner. of San Francisco, California, the sum of Five Thousand Dollars ($5,000.)

"*Eleventh*—I give, devise and bequeath to Elsie I. Chase, of Holyoke, Mass. the sum of Ten Thousand Dollars ($10,000.)

"*Twelfth*—I give, devise and bequeath to William Carson Tyson, of Alameda, California, the sum of Five Thousand Dollars ($5,000.)

"*Thirteenth*—I give, devise and bequeath to Margaret H. Warren, of San Francisco, California, the sum of twenty-five Thousand Dollars ($25,000.)

"*Fourteenth*—I leave Fifty Thousand Dollars ($50,000) for the purpose of erecting a mausoleum on the plot I own at Cypress Lawn Cemetery as soon as possible after my death.

"*Fifteenth*—I give, devise and bequeath to the 'Boys and Girls Aid Society' of San Francisco, California, the sum of Two Thousand Dollars ($2,000.)

"*Sixteenth*—I give, devise and bequeath to the 'California Woman's Hospital' of San Francisco, California, the sum of Two Thousand Dollars ($2,000.)

"*Seventeenth*—I give, devise and bequeath to the 'Hospital for Children and Training School for Nurses' of San Francisco, California, the sum of Two Thousand Dollars ($2,000.)

"*Eighteenth*—I give, devise and bequeath to the 'Florence Crittenton Home Association for Erring Women and Children' of San Francisco, California, the sum of Two Thousand Dollars ($2,000.)

"*Nineteenth*—I give, devise and bequeath to the 'San Francisco Protestant Orphan Asylum Society' of San Francisco, California, the sum of Two Thousand Dollars ($2,000.)

"*Twentieth*—I give, devise and bequeath to Etta Marion Warren, of San Francisco, California, Four Hundred Thousand Dollars ($400,000) in value of Dolbeer & Carsons Lumber Co.'s stock at par value.

"*Twenty-first*—I give, devise and bequeath to Etta Marion Warren, of San Francisco, California, all the residue of my estate of every kind and character of which I may die seized or possessed and wheresoever situated after the payment of the foregoing legacies and expenses of administration.

"*Twenty-second*—If any of the persons to whom specific legacies are bequeathed in this will shall die before my own death, such legacies to such deceased persons shall lapse, and the amount of such legacies shall become a part of the residue of my estate, to be bequeathed in accordance with the provisions of paragraph twenty-first above contained.

"*Twenty-third*—Should the death of Etta Marion Warren occur before my own death, I give, devise and bequeath my house and lot known as 2112 Pacific Ave. with all my pictures, furniture, jewelry, books and ornaments, to Mai Moody Watson, wife of Douglas Sloane Watson.

"*Twenty-fourth*—Should the death of Etta Marion occur before my own death all the legacies bequeathed to her, with the exception of my house mentioned in paragraph twenty-third, shall lapse and become a part of the residue of my estate, such residue in the event of death of said Etta Marion Warren occurring before my own death, I give, devise and bequeath as follows: One half ½ of such residue to William Wilson Carson of San Francisco, California, son of William Carson of Eureka, California; One fourth ¼ of such residue to William G. Mugan of San Francisco, California; one-eighth ⅛ of such residue to Elsie I. Chase of Holyoke, Mass. and one-eighth ⅛ of such residue to Ellen M. Hall, of Epsom, New Hampshire.

"*Twenty-fifth*—I hereby nominate and appoint George D. Gray and William G. Mugan of San Francisco, Cal. to be the executors of this my last will and testament; and I further direct and request that no bonds or undertakings of any kind shall be required of them as such executors. In the event of the death of either of said above named persons before the close of the administration of my estate I nominate and appoint the 'Mercantile Trust Co.' of San Francisco to act as co-executor with the survivor of the above named persons and in the event of the death of both of said persons above named before the close of the administration of my estate the said Mercantile Trust Co. shall act as my sole executor. And I hereby grant unto and bestow upon my said executors full and complete power to sell any and all of my property of which I may die seized or possessed without any order of the court, but all such sales shall be confirmed by the court having jurisdiction of my estate.

"In witness whereof, I have hereunto set my hand and seal this twenty-third day of April, A. D. nineteen hundred and four.

"BERTHA M. DOLBEER.

"The foregoing instrument consisting of seven pages besides this one, was on the date thereof signed in our presence by Bertha Marion Dolbeer who thereupon in our presence declared the same to be her last will and testament and we at

her request and in her presence and in the presence of each other, have hereunto set our names as witnesses.

"DOUGLAS S. WATSON,

"2732 Vallejo street San Francisco

"ARTHUR B. WATSON,

"2732 Vallejo St San Francisco

"San Francisco, April 23rd, 1904."

Thereafter, and on the second day of August, 1904, Adolph Schander, an uncle of decedent, filed herein his verified contest and opposition to the probate of said will, on the ground that at the time of its execution, and for a long time prior thereto, Bertha M. Dolbeer was not of sound or disposing mind and was not competent to make a will.

The case was tried before a jury on this issue (contestant having demanded a jury trial) and on December 22, 1904, after a hearing of twenty-six days, the jury returned a verdict for proponents.

Upon the jury being polled the verdict was found to be unanimous.

The instructions given the jury were as follows:

I. This proceeding is a contest of a document which has been filed in this court purporting to be the last will of Bertha M. Dolbeer, deceased. The contestant is Adolph Schander, an uncle of deceased, and the proponents of the document are William G. Mugan and George D. Gray, who in said document are named as executors. The principal beneficiary under the document alleged to be the will of said deceased is Etta Marion Warren, and she has appeared during the trial of this case by her counsel. Mr. Schander, the contestant, alleges that at the time of the execution of the document offered for probate, Bertha M. Dolbeer was of unsound mind and incompetent to make a will. The issue presented to you, therefore, for determination is as to the competency or testamentary capacity of Bertha M. Dolbeer, at the time it is asserted this document in question was executed by her. The maker of a will is termed the testator, or, if the maker be a woman, she is termed the testatrix.

II. I instruct you that the real test of capacity to make a will is as follows: The testatrix must have strength and clearness of mind and memory sufficient to know in general,

without prompting, the nature and extent of the property of which she is about to dispose, the nature of the act which she is about to perform, and the names and identity of the persons who are the proper objects of her bounty and her relation toward them.

III.  You will observe from the definition of sound and disposing mind that has been given you, that a testatrix's mind must be sufficiently strong at least generally to understand the following matters and things:

1.  She must understand the nature of the act she is performing;

2.  She must be able to recollect those who are the natural objects of her bounty;

3.  She must be able to remember the character and extent of her property;

4.  She must be able to understand the manner in which she wishes to distribute her property;

5.  She must understand the persons to whom she wishes to distribute it.

The mind of the testatrix must be sufficiently strong generally to comprehend all of these matters and things, or you must find her to be of unsound mind.

IV.  I have heretofore instructed you that a person of sound and disposing mind is one who possesses a mind sufficiently strong and clear to enable her to know and understand the nature of the act in which she is engaged when she makes and executes her will, to know and recollect those who are the natural objects of her bounty, to know and remember the character and extent of her property, the manner in which and the persons to whom she wishes to distribute it. All of the matters and elements set forth in this definition enter into it.  It is not sufficient that a testatrix should have mind sufficient to comprehend one of these elements.  Her mind must be sufficiently clear and strong to perceive the relation of the various elements to one another; and she must have at least a general comprehension of the whole.

V.  The right to leave property by will is a right given by the law alone; that is, there is no natural right that a person has to leave his property in any particular way.  If a person dies without leaving a will, the law fixes the method in which

his property shall be distributed, and that method is that
the property of one dying intestate shall go to his next of
kin. In this particular case, if Bertha M. Dolbeer had died
and left no will, the law would distribute her property to her
relatives by blood, who are her next of kin, and in this in-
stance those relatives are Adolph Schander, Horatio Schander,
his brother, and Mrs. Ida J. Moody.

VI. The jury are instructed that every person possessed
of testamentary capacity may dispose of his property by will,
as he or she may see fit, and the only question is that of the
competency of the testator or testatrix, measured by the legal
standard. The competency of the testator being shown, the
wisdom or folly, justness or unjustness of the will, can play
no part in the question of its validity; but the character of
the provisions of the will, as being just or unjust, reasonable
or unreasonable, may be considered by the jury as tending
to throw light on the capacity of the testatrix.

VII. The court instructs the jury that in determining the
question of the soundness of mind of the testatrix, Bertha M.
Dolbeer, the jury have the right, and it is their duty, to take
into consideration the provisions of the will itself, and the
condition and nature of the estate disposed of; also, the
condition of the beneficiaries under the will, so far as the
evidence may show the same, and the relations between the
testatrix and any contestant or relatives excluded from any
benefit under the will, and, so far as the evidence may show,
their age, condition and circumstances, and their conduct to-
ward the testatrix, in connection with all other evidence that
has been received on the question as to whether the deceased
was or was not of sound mind at the time of the execution of
the will in question.

VIII. The court instructs you that a witness false in one
part of his or her testimony is to be distrusted in others.

IX. The jury are instructed that they are the sole judges
of the effect and value of the evidence addressed to them.
Their power of judging of the effect of evidence is not arbi-
trary, however, but is to be exercised with legal discretion
and in subordination to the rules of evidence. They are not
bound to decide in conformity with the declarations of any
number of witnesses which do not produce conviction in their

minds, against a less number or against a presumption or other evidence satisfying their minds.

X. The jury are instructed that the law allows evidence to be offered of the opinion of an intimate acquaintance, respecting the mental capacity of a person, the reason for the opinion being given; and the court must use its discretion in each case in determining whether or not the particular witness is an intimate acquaintance within the meaning of this rule. It is proper for you to consider the degree of intimacy of acquaintanceship established in the case of each witness in determining how much weight shall be given to the opinion of that witness, and you must determine the proper weight to be given to the opinion of each witness from the facts and circumstances upon which he founds his opinion, keeping in view the degree of intimacy existing in each case.

XI. The persons named as executors in the instrument offered here as the last will of Bertha M. Dolbeer have presented that instrument to this court as her last will and testament, and have petitioned the court ·that it be admitted to probate. Adolph Schander, the uncle of said Bertha M. Dolbeer, has filed written grounds of contest to the probate of the instrument, in which he alleges, as his sole ground of contest, that Bertha M. Dolbeer was of unsound mind at the time said instrument was executed. This presents, therefore, as the only issue to be tried by you, gentlemen, the question whether Bertha M. Dolbeer was of unsound mind at that time.

XII. By the law of this state every person over the age of eighteen years and of sound mind may dispose of all his or her property, real and personal, by last will. If, therefore, Bertha M. Dolbeer was of sound mind at the time when the instrument here offered for probate was executed, she had the absolute right to dispose of her property by will. The right to dispose of one's property by will is most solemnly secured by law, and is a most valuable incident to the ownership of property and is not dependent upon its judicious use. The right of absolute dominion over one's property is sacred and inviolable.

If, therefore, at the time Bertha M. Dolbeer executed this instrument, she was of sound mind, she had the right to dispose of her property as she saw fit. Whatever may be the

motives of the testatrix her right to dispose of her property is paramount. She had the right by will to bestow her property on whomsoever she pleased; and if there be no testamentary incapacity, the law must give effect to her will, even though the provisions may appear unreasonable, or however great or unfounded may be her likes or dislikes or resentment against those who may be thought to have some claim against her bounty. It is the right of everyone to do what one wills with one's own, unless the disposition which is made violates some law. And after the death of a testatrix, neither court nor jury have the power to make for such personal disposition of her property different from the disposition she intended to make, upon any theory that such intended disposition was unjust. The beneficiaries named in a will are as much entitled to protection as any other property owners, and juries should not set aside a will through prejudice or merely on suspicion or because it does not conform to their ideas as to what is just or proper. You have nothing to do with the equity or inequity of the testamentary dispositions of property, provided you believe from the evidence that the testatrix at the time she executed the instrument had sufficient mental capacity to make a will, as explained in these instructions: Estate of Nelson, 132 Cal. 182, 64 Pac. 294; Estate of Kohler, 79 Cal. 313, 21 Pac. 758.

XIII. The law having conferred on every person over the age of eighteen years and of sound mind the right to determine how he or she will dispose of his or her estate, it will not be presumed, and you are not to presume, that Bertha M. Dolbeer was insane or of unsound mind because she has exercised that right and discriminated against her heirs in the disposition of her estate: Estate of Mullin, 110 Cal. 252, 42 Pac. 645.

XIV. I instruct you that the heirs of a person have no right, either legal or equitable, which can be asserted against the right of that person to dispose by will of his or her property. The testatrix, if of sound mind at the time she executed the instrument, had the right to bestow her property upon whomsoever she pleased, and her heirs cannot prevent such disposition of her property. A testatrix need not, unless she wishes, consult anyone as to how she shall dispose of

her property. She may leave it to relatives or dispose of it otherwise of she wishes. In that regard her own wishes and judgment are sole and supreme: Estate of Kohler, 79 Cal. 313, 21 Pac. 758; Estate of Carriger, 104 Cal. 81, 37 Pac. 785; Estate of Mullin, 110 Cal. 252, 42 Pac. 645; Estate of Redfield, 116 Cal. 637, 48 Pac. 794.

XV. Mere hatred or dislike of relatives which influences a testatrix in making her will, without proof of actual mental unsoundness, will not invalidate a will: Estate of Carriger, 104 Cal. 81, 37 Pac. 785; Estate of Spences, 96 Cal. 448, 31 Pac. 453.

XVI. I instruct you that in this case if Bertha M. Dolbeer died intestate, that is, without leaving a valid will, her property will go in equal shares to Adolph Schander, the contestant, to his brother Horatio Schander, and Mrs. Ida J. Moody.

XVII. I instruct you that the law presumes, until the contrary is shown, that every person possesses a sound and disposing mind, and that on the trial of the question as to whether Bertha M. Dolbeer was of sound mind at the time she executed the instrument offered for probate, it is a presumption of law that she was of sound mind at that time, and the devisees and legatees are entitled to such presumption as a matter of evidence: Estate of Nelson, 132 Cal. 182, 64 Pac. 294; Estate of Keegan, 139 Cal. 123, 72 Pac. 828.

XVIII. Upon this trial the law provides that the contestant is the plaintiff and all other parties to the action are defendants. The burden of proof is upon the contestant in this proceeding; he alleges that Bertha M. Dolbeer was of unsound mind at the time she executed this instrument, and the burden is upon him to show this, and this he must do by a preponderance of evidence in order to be entitled to your verdict. If you believe the evidence to be equally balanced, the contestant has failed to sustain the burden of proof which the law imposes upon him: Estate of Carriger, 104 Cal. 81, 37 Pac. 785; Estate of Redfield, 116 Cal. 637, 48 Pac. 794; Estate of Nelson, 132 Cal. 182, 64 Pac. 294.

XIX. The law requires that the person upon whom the burden of proving the insanity of a testatrix rests—in this case the contestant—shall prove it by a preponderance of evi-

dence. By a preponderance of evidence is meant that amount of evidence which produces conviction in an unprejudiced mind, and only such evidence will justify a verdict that Bertha M. Dolbeer was of unsound mind at the time she executed this instrument: Code Civ. Proc. 1826; Estate of Nelson, 132 Cal. 182, 64 Pac. 294.

XX. The presumption that every person is of sound mind until the contrary is proved is a legal presumption, and I instruct you that you should take it into consideration as a matter of evidence in passing upon the issue submitted to you: Estate of Langford, 108 Cal. 608, 41 Pac. 701.

XXI. I instruct you, gentlemen, that the law does not require that a person, in order to be competent to make a will, should be of perfect mental health. Bertha M. Dolbeer was of sound mind, in the meaning of the law, and was capable of making a will, if at the time she executed the proposed will she had the mental capacity to collect and hold in her mind and to fairly and rationally know and comprehend the nature of the act in which she was then engaged, the character and extent of her property, the persons who were the natural objects of her bounty, and the persons to whom, and the manner and proportions in which, she wished her property to go: Estate of Wilson, 117 Cal. 262, 49 Pac. 172, 711; Estate of Nelson, 132 Cal. 182, 64 Pac. 294; Estate of Kohler, 79 Cal. 313, 21 Pac. 758; Estate of Redfield, 116 Cal. 637, 48 Pac. 794.

XXII. The only question submitted to you for decision is whether Bertha M. Dolbeer at the time she executed the proposed will was a woman of sound and disposing mind. You are not called upon to answer whether she was of sound or disposing mind at all times, but only whether she was of sound and disposing mind at a particular time, namely, at the time she executed the instrument in question. What her mental condition was before or after the execution of that instrument is only important so far as it throws light upon her mental condition when the will was executed. The point of time at which the proposed will was executed is the point of time to which you must look when you come to answer the question whether her mind was a sound and disposing one:

Estate of Mullin, 110 Cal. 252; 42 Pac. 645; Estate of Redfield, 116 Cal. 637, 48 Pac. 794.

XXIII. I instruct you that the proposed will of Bertha M. Dolbeer may be considered by you with all the other evidence in the case: Estate of Carriger, 104 Cal. 81, 37 Pac. 785.

XXIV. In deciding upon the capacity of the testatrix to make her will, it is the soundness of mind and not the particular state of bodily health that is to be attended to. The bodily health of a testatrix is important only so far as it may be evidence of the state of her mind. Neither sickness nor physical disability alone will disqualify a person from making a will: Estate of Redfield, 116 Cal. 637, 48 Pac. 794; Estate of Mullin, 110 Cal. 252, 42 Pac. 645.

XXV. I instruct you that suicide is never presumed by the law from the mere fact of death, but that, on the contrary, the law presumes, where the mere fact of death is alone shown, that such death occurred from natural or accidental causes, and not from suicide. I instruct you further that if you find from the evidence that the testatrix did commit suicide, the law does not presume from this fact alone that she was of unsound mind at that time.

XXVI. I instruct you that a niece is under no obligation, ordinarily, to provide for her uncles and aunts, either when living or by will, and that the failure to name them, or any of them, in the will, does not, under the statute, raise a presumption that they were forgotten: Estate of McDevitt, 95 Cal. 31, 30 Pac. 101. Expressly approved in Estate of Keegan, 139 Cal. 127, 72 Pac. 828, as to obligation of uncle to support niece and nephew.

XXVII. If you find that Bertha M. Dolbeer was, at the time of making the proposed will, of sound and disposing mind, you must not consider the relative wealth or poverty of the parties to this controversy: Estate of Redfield, 116 Cal. 637, 48 Pac. 794.

XXVIII. A hypothetical question is a question which assumes a certain condition of things to be true, a certain number of facts proved or to be proved, and calls upon the witness to assume all the material facts stated to be true and express his opinion as to a certain condition. The witness to

whom the hypothetical question is addressed assumes them
to be true and bases his answer upon the assumed case.    The
opinion of the witness must, therefore, be brought to the test
of the facts in order that you may judge what weight the
opinion is entitled to: Estate of Spencer, 96 Cal. 448, 31 Pac.
453; Estate of Keegan, 139 Cal. 123, 72 Pac. 828.

XXIX.    In deciding the issue before you, gentlemen, you
must decide from a consideration of the evidence in this case,
and nothing else.    You are not to consider matters which are
not in evidence, or to conjecture what the answers might have
been to questions which the court did not permit to be an-
swered.    The remarks of counsel not supported by the evi-
dence in the case are not to be regarded by you as facts
proved in the case.    To go outside of the evidence and base
your decision upon anything but a consideration of the evi-
dence would be to disregard the law and your oaths: Estate
of Kohler, 79 Cal. 313, 21 Pac. 758.

XXX.    Gentlemen, you are the judges of the effect and
value of the evidence in this case.    It rests with you, upon
your sound judgment, under your oaths, and the law as given
you by the court, considering all the evidence in the case, to
decide upon that evidence whether Bertha M. Dolbeer was of
unsound mind at the time she made the will here offered for
probate.    The court does not decide or intimate to you what
is or is not proved, or the weight you are to give any facts
proved in this case, further than to say that you must con-
sider all of the evidence.    Your power in judging of the
effect and value of the evidence is not arbitrary, but is to be
exercised in subordination to the rules of evidence.    You
have no right to substitute different views of the law in place
of the rules given you by the court, nor have you the right
to say that in your opinion this view or that view would be
more just or equitable.    You are to find the facts, but you
must take the law from the court: Estate of Carriger, 104
Cal. 81, 37 Pac. 785; Estate of Spencer, 96 Cal. 448, 31 Pac.
453.

XXXI.    I instruct you, gentlemen, that if from all the
evidence you find that Bertha M. Dolbeer was of sound mind
at the time the proposed will was executed, it makes no differ-
ence whether you believe its provisions to be just or unjust,

equitable or inequitable. A testatrix capable of making a will has a right to make an unjust will or even a cruel will, if she chooses, and no court nor jury have the right to deprive her of that privilege. You are not here to determine whether you would have made a will such as this, but you are to determine only whether the proposed will was made by a person of sound mind: Estate of Nelson, 132 Cal. 182, 64 Pac. 294; Estate of Redfield, 116 Cal. 637, 48 Pac. 794; Estate of Langford, 108 Cal. 608, 41 Pac. 701; Estate of Carriger, 104 Cal. 81, 37 Pac. 785; Estate of Spencer, 96 Cal. 448, 31 Pac. 453; Estate of Kohler, 79 Cal. 313, 21 Pac. 758.

XXXII. Under this law of the state a witness called by one party may be impeached by the other party by proof that such witness has made at other times statements inconsistent with his or her present testimony. Such proof, however, is to be considered by you only as affecting the credibility of such witness. The statements which are proved as contradicting his or her testimony are not evidence of the truth of the facts stated, but such statements are to be considered only in determining the credibility of the witness whom it is sought to impeach: People v. Conkling, 111 Cal. 616, 623, 44 Pac. 314; People v. Collum, 122 Cal. 186, 188, 54 Pac. 289.

XXXIII. Section 1881, Code of Civil Procedure:

"Subd. 2. An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment; . . . .

"Subd. 4. A licensed physician or surgeon cannot, without the consent of his patient, be examined in a civil action as to any information acquired in attending the patient, which was necessary to enable him to prescribe or act for the patient."

#### THE ISSUE AND VERDICT.

"Was Bertha M. Dolbeer of sound mind at the time the instrument offered for probate as her last will was subscribed by her and witnessed by Douglas S. and Arthur B. Watson?"

"Answer—Yes.

"PHINEAS F. FERGUSON, Foreman."

Following is a list of the jurors: (Mr. Lundstrom was excused on the 21st of November, 1904, the tenth day of the

hearing, owing to his illness, and the trial was continued and the verdict rendered by the remaining eleven jurors.)  1. Knut A. Lunstrom; 2. Sibbert Petersen; 3. Charles A. Slack; 4. Edgar W. Briggs; 5. Christopher Branagan; 6. William Hencke; 7. Michael Shannon; 8. Edward Convey; 9. John Higgins; 10. Phineas F. Ferguson; 11. Emil Lowenberg; 12. William G. Copeland.

The Principal Case was before the supreme court in 149 Cal. 227, 86 Pac. 695, and in 153 Cal. 652, 96 Pac. 266. It was also before the superior court in Estate of Dolbeer, post, p. 249.