[Civ. No. 14158.   Second Dist., Div. Two.   Jan. 3, 1944.]

JOSEPH ZITO, Appellant, v. HANNA E. WEITZ, Respondent.

Cantillon & Glover for Appellant.

Crider, Runkle & Tilson for Respondent.

WOOD (W. J.), J.—Plaintiff commenced this action to recover damages for injuries which he received when his head struck against a fire-escape ladder at defendant's apartment house. Upon the termination of plaintiff's evidence the trial court granted defendant's motion for a nonsuit. The appeal is from "the judgment and the order entered in the minutes."

Defendant owns and operates an apartment house on Fountain Avenue in the city of Los Angeles known as "Fountain Manor Apartments." Along the outside west wall of the building a walk approximately thirty-six inches in width extends from the sidewalk at the front of the building to an alley in the rear. On the west side of the walk there is a cedar hedge approximately twelve feet in height. Three entrances, or exits, open onto the walk and at each of the entrances there is a metal fire-escape to permit emergency egress from the upper floors of the building. At the time of the accident and prior thereto the ladder in question was of the type in general use in apartment houses in Los Angeles. Its two rails were contained within parallel iron channels in a vertical position which served as guides within which the ladder could move up and down. A cable attached to the top of the ladder passed over a pulley and its other end was attached to the top of a counter-weight which was contained in a similar set of iron channels which permitted the counter-weight to move

up and down in a plane parallel to the ladder. The ladder normally was retained in a raised position at the front floor level by an iron lever which operated in a horizontal plane so that one end could be placed under a ladder rung, and also by gravity, the counter-weight being somewhat heavier than the ladder itself. The ladder could not descend without being operated by some human agency. The lever had to be turned to release the rung which it retained and then pressure had to be applied in a downward direction to overcome the gravity pull of the counter-weight.

Plaintiff had been a tenant in the apartment house for about twelve years. In the afternoon of October 13, 1941, while walking towards one of the entrances, his head struck against the ladder of one of the fire-escapes, which was in a lowered position. No evidence was introduced to show how or in what manner or by whom the ladder had been lowered or for what length of time it had been in a lowered position. No defect in the ladder or the fire-escape was proved, but on the contrary it was shown in evidence that they were in good order at the time of the accident and were of a proper design. There was nothing in the evidence to charge defendant with notice, either actual or constructive, that the ladder was down at the time of the accident. Defendant was ill and in bed on the day of the accident and the apartment house clerk who was on duty knew nothing about the position of the ladder until after the accident.

On behalf of plaintiff Mrs. Amurl Campbell testified that before her discharge by defendant she had been housekeeper at the apartment house; that in the fall of 1939 a Mr. Sweet had been injured by one of the ladders; that in September of 1940 one of the ladders "kept falling down" and the witness said to defendant, "We are going to have to do something about our fire-escapes"; that the ladders would not fall of their own weight and that she had not seen any of them fall. C. F. Campbell, husband of Amural Campbell, testified that he saw ladders in a down position on two occasions before the accident in question but he did not state the times at which the ladders were down or that there was any defect in them on those occasions.

The duty was upon defendant to see that reasonable care was exercised to keep the premises in a safe condition, and the burden was upon plaintiff at the trial to establish

that defendant failed in the discharge of the duty to use reasonable care. ■ Although it is the established rule that in passing upon a motion for a nonsuit all conflicts in the evidence must be resolved in favor of plaintiff and that all reasonable inferences favorable to plaintiff are to be deduced from the evidence, nevertheless a nonsuit must be granted when the evidence is legally insufficient to support a judgment in plaintiff's favor. (*Nicholas v. Jacobson,* 113 Cal. App. 382, 389 [298 P. 505].)

■ Defendant was obligated to maintain fire-escapes on her building and to keep them in such condition that they could be used instantly in cases of emergency. The evidence was without conflict that the fire-escape in question was of a proper design and was not in a defective condition. It was necessary that the ladder be maintained in such manner that anyone leaving the upper floor of the building in an emergency could lower it. On the occasion of the accident it was not shown that the ladder was lowered by defendant or by anyone acting for defendant or that defendant had notice that it was down. ■ The fact that on a previous occasion another party had struck his head against a lowered ladder on the premises would not charge defendant with liability for an accident which occurred two years later. Nor would the fact that one of the ladders was seen to be down on prior occasions give support to a judgment in favor of plaintiff. For aught that appears in the evidence the ladder might then have been lowered by an inspector from the fire department. No evidence was introduced showing that on the prior occasions there was anything defective about the fire-escapes or the ladders.

■ The doctrine of res ipsa loquitur is not applicable, for an inference of negligence on the part of defendant did not arise from her limited control of the fire-escapes. She was compelled to erect and maintain them in such manner that they could be subjected to the use and control of the tenants in case of emergency.

The judgment and the order are affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 2, 1944. Carter, J., voted for a hearing.